**HEALTHCARE OF LOUISVILLE d/b/a Health Care of the Bluegrass, Appellant,**

v.

**John L. KIESEL, M.D., Appellee.**

Court of Appeals of Kentucky.

Aug. 29, 1986.

As Modified Sept. 15, 1986.

Elizabeth Ullmer Mendel, Woodward, Hobson & Fulton, Louisville, for appellant.

Andrew M. Stephens, Lexington, for appellee.

Before COMBS, DYCHE and MILLER, JJ.

DYCHE, Judge:

This is an appeal from a case tried before the Fayette Circuit Court sitting without a jury after which trial judgment was entered in favor of the plaintiff, awarding him vacation pay, personal days pay, one week's severance pay, damages, attorney fees, and court costs. The defendant appeals to this Court as a matter of right. For the reasons set forth below, we affirm.

The pertinent findings of the Court below are as follows: On April 21, 1981, Dr. Kiesel was employed as Medical Director by Hunter Health Plan, Inc. In May of 1982, Hunter was taken over by the appellant and renamed Health Care of the Bluegrass. Appellant assumed all the obligations of Hunter Health Plan, Inc., and retained Dr. Kiesel as Medical Director. Dr. Kiesel remained as Medical Director at Lexington until April 29, 1983, when he resigned. In exchange for his resignation, Healthcare agreed to pay Dr. Kiesel ninety (90) days severance pay, his accrued vacation pay, and two (2) personal days pay. Healthcare paid Dr. Kiesel all but one (1) week of the ninety (90) days severance pay, and refused to pay him the accrued vacation pay and the two (2) personal days pay. The Court below found that not only did Healthcare owe Dr. Kiesel these agreed-upon benefits, but that Healthcare had acted in bad faith by refusing to pay Dr. Kiesel, and therefore, awarded Dr. Kiesel damages, attorney fees, and costs pursuant to KRS 337.385.

The sole issue on appeal is whether the trial court properly permitted Dr. Kiesel to recover against Healthcare double damages, attorney fees, and costs for failure to pay the agreed-upon benefits under KRS 337.385. Appellant does not appeal from that part of the trial court's finding of fact that the agreement to pay existed.

Appellant's first argument is that Dr. Kiesel was not an employee for purposes of

KRS 337.385 and, therefore, was not entitled to recover any damages.

KRS 337.385 reads in pertinent part as follows:

(1) Any employer who pays any employe less than wages and overtime compensation to which such employe is entitled under or by virtue of KRS 337.020 to 337.285 shall be liable to such employe affected for the full amount of such wages and overtime compensation less any amounts actually paid to such employe by the employer, for an additional equal amount as liquidated damages, and for costs and such reasonable attorney fees as may be allowed by the court.

KRS 337.010 provides two definitions for employee. KRS 337.010(1)(e) states that " 'employe' is any person employed by or suffered or permitted to work for any employer." However, KRS 337.010(2) states in pertinent part as follows:

(2) As used in KRS 337.275 to 337.325, 337.345 and 337.385 to 337.405, unless the context requires otherwise:

(a) 'employe' is any person employed by or suffered or permitted to work for an employer, but shall not include:

. . . .

(ii) any individual employed in a bona-fide executive, administrative, supervisory or professional capacity, or in the capacity of outside salesman, or as an outside collector such as terms are defined by administrative regulations of the Commissioner.

Appellant argues that because Dr. Kiesel was employed as Medical Director and therefore "employed in a bona fide executive, administrative, supervisory or professional capacity," he should be excepted from recovery under 337.385. The trial court considered this issue twice and twice determined that Dr. Kiesel was nevertheless entitled to recover and in so doing the court reasoned that in this case the context "requires otherwise." The trial court stated that "[i]t is just as unlawful to fail to pay or to withhold a part of the salary of an executive, administrative, supervisory or professional employee as it would be to do so in the case of any other type of employee." (R.A., p. 78). We agree with the trial court and affirm its holding that Dr. Kiesel was an employee and thus entitled to recovery under this statute.

Appellant next argues that Dr. Kiesel is not entitled to damages, attorney fees, and costs because appellant acted in good faith in refusing to pay Dr. Kiesel the agreed-upon benefits. Appellant directs our attention to the defense contained in KRS 337.385 which provides, in pertinent part:

If the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of KRS 337.020 to 337.285, the court may, in its sound discretion, award no liquidated damages, or award any amount thereof not to exceed the amount specified in this section.

As trier of fact, the Fayette Circuit Court was in the position to determine the presence or absence of good faith. The court found that there were multiple acts of bad faith and awarded the maximum statutory penalty. Having carefully examined the record, we find that the trial court was correct in finding that the appellant acted in bad faith and was, therefore, liable to Dr. Kiesel for damages, attorney fees, and costs.

The judgment of the Fayette Circuit Court is hereby AFFIRMED.

All concur.