NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

File Name:  09a0227n.06

Filed:  March 24, 2009

Nos. 07-6188, 07-6355

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

PAUL WHITEWOOD,

    Plaintiff-Appellant Cross-Appellee,

v.

ROBERT BOSCH TOOL CORPORATION,

    Defendant-Appellee Cross-Appellant.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF KENTUCKY

_____/

BEFORE:    GUY, CLAY, and COOK, Circuit Judges.

    **CLAY, Circuit Judge.**  This is a diversity contracts case that examines the validity of a retention and severance agreement allegedly reached between an employer and employee.  After a jury returned a verdict awarding Plaintiff Paul Whitewood $31,875, Whitewood appeals the district court's October 6, 2006 judgment that granted partial summary judgment to Robert Bosch Tool Corporation ("Bosch") and dismissed Whitewood's claims for liquidated damages and attorney's fees under Kentucky Revised Statutes ("KRS") § 337.385.  Bosch submits a cross-appeal, challenging the court's determination that the parties had not reached an enforceable settlement agreement and the court's refusal to submit a proposed jury instruction relating to rejection of an offer.  For the reasons that follow, we **AFFIRM** the judgment of the

district court with respect to the court's dismissal of Whitewood's claims under KRS § 337.385 and its ruling that the parties had not reached an enforceable settlement agreement. However, we **REVERSE** the court's judgment with respect to the court's refusal to submit Bosch's proposed jury instruction and **REMAND** for a new trial.

## BACKGROUND

### A.      Procedural History

On October 14, 2004, Paul Whitewood filed suit against Robert Bosch Tool Corporation, alleging breach of contract and unpaid wages, liquidated damages, and attorney's fees pursuant to KRS § 337.385. Bosch removed the case to federal court based on diversity jurisdiction.

Whitewood amended his complaint and both parties filed motions for summary judgment. On October 6, 2006, the district court granted Bosch partial summary judgment and dismissed Whitewood's claims for liquidated damages and attorney's fees under KRS § 337.385. The court denied the other dispositive motions.

A jury trial was set for January 8, 2007, but was adjourned when a tentative settlement was reached on the morning trial was set to begin. The district court entered an order dismissing the case as settled with leave to reinstate the case on the docket if the settlement was not consummated. A dispute arose as to the terms of the settlement and Whitewood filed a motion to enforce the settlement agreement. The court held a hearing to address the dispute, and on January 26, 2007, it vacated its previous order and reinstated the case on the trial docket. Bosch filed its own motion to enforce what it believed to be the terms of the settlement agreement, but the district court denied that motion as well.

The case proceeded to trial again, and on March 14, 2007, the jury returned a verdict for Whitewood for $31,875. Bosch filed a motion for Judgment N.O.V., and the district court denied the motion, awarding Whitewood prejudgment interest at the rate of 8% per annum. Whitewood filed a motion to amend or correct the order denying the motion for Judgment N.O.V. and filed a notice of appeal on September 27, 2007. This Court declined jurisdiction and returned the case to the district court for disposition of the pending motion.

On November 1, 2007, the district court entered a final order denying Whitewood's motion to correct or clarify the judgment. Bosch timely filed a notice of cross-appeal, and Whitewood timely filed an amended notice of appeal.

### B.    Substantive Facts

The district court summarized the substantive facts pertaining to this case in its order granting in part and denying in part the parties' motions for summary judgment. *Whitewood v. Robert Bosch Tool Corp.*, 2006 U.S. Dist. LEXIS 73232 (W.D. Ky. Oct. 3, 2006). Because we accept those facts unless they are clearly erroneous, *see TransAmerica Assur. Corp. v. Settlement Capital Corp.*, 489 F.3d 256, 259 (6th Cir. 2007), and because this case does not turn on disputed factual issues, we have accepted the district court's rendition of the facts as provided below:

> Paul Whitewood is [an] electrical engineer. Defendant hired him as a corporate quality manager and relocated him to Louisville. He reported for work at Vermont American in July 2001. In early 2002, Defendant announced its intention to close Louisville operations by early 2004. Plaintiff contends that after the public announcement, he eventually received a written offer of a severance and retention package dated January 27, 2003. Plaintiff regarded the retention offer as a promise to pay him if he stayed through a specific time (end of Quarter 1, 2004). Plaintiff

understood that he would be required to sign a release of all claims as to Defendant. Plaintiff stayed on and continued to work for Defendant. He received an amended retention offer on May 13, 2003, increasing the bonus by a flat $ 10,000 and also reflecting the small raise he had been given after the January 27, 2003, bonus offer. He continued to work for Bosch because he believed that if he satisfactorily completed the retention period and signed a release, he would receive the increased bonus.

Plaintiff first saw the Separation Agreement around March 15, 2004, when he was first presented with it for signing. In particular, Plaintiff had a question with the provision in the Separation Agreement that "Whitewood will not reapply for a position with RBTC or with any of its affiliated, related or subsidiary companies." He believed that the provision might prevent him from going to work for anyone else because he did not know what companies he could not apply to. He also objected because the restriction was "open forever and a day on any and every definition and any future acquisition, affiliation, or whatever the other word was, without those even defined." He explained that, if Bosch had at least provided him with a list of what companies he would not be able to apply to, he would have been able to make a proper decision on whether to go ahead and sign the Separation Agreement to resolve the impasse.

Plaintiff took his concerns to Gale Gentry in Defendant's HR department. He was not helpful. Finally, Frederick A. Stuart, Vice President Labor Relations and Employment, responded that, "You'll either have to accept the agreement as written or proceed without the benefit of the agreement." Plaintiff felt that after doing what he had been asked to do and after complying with all of the conditions of the bonus document, Bosch was telling him, "if you don't sign something beyond what we had asked you to do, you get nothing." By March 30, 2004, Plaintiff had consulted an attorney and informed Defendant that he would not sign. Defendant immediately replied, rejecting Pearlman's effort, and advising "Mr. Whitewood chose to refuse the separation package, and we now consider the matter closed." On October 14, 2004, Plaintiff filed suit in the Jefferson Circuit Court. Defendants removed to [federal] [c]ourt.

Plaintiff's primary claim sounds in contract. He says that Defendant created this contract by its offer memorialized in writing dated

> January 27, 2003, which promised a specific "severance and retention bonus" if Plaintiff remained with the company through March 31, 2004. [. . . .] Plaintiff's second claim is that he is entitled to unpaid wages, double damages and attorney's fees pursuant to KRS 337.385.

*Whitewood*, 2006 U.S. Dist. LEXIS 73232 at 2-10.

The case proceeded to trial. Bosch requested an instruction that it had prepared regarding the legal standards governing the acceptance or rejection of an offer, but the district court declined to provide the proposed instruction. On March 14, 2007, the jury returned a verdict for Whitewood in the amount of $31,875, and this appeal followed.

## DISCUSSION

### I. The grant of partial summary judgment to Bosch

#### A. Standard of Review

This Court reviews *de novo* the district court's grant of summary judgment and resolution of legal questions, but accepts the district court's factual findings unless clearly erroneous. *TransAmerica Assur. Corp.*, 489 F.3d at 259.

#### B. Analysis

Whitewood argues that the district court erred in determining that he was exempt from coverage under KRS § 337.385 because the context of the statute requires a conclusion that he is entitled to recover attorney's fees and because the district court's reading of the statute was unconstitutional. The facts surrounding this issue are largely undisputed, and resolution of the issue turns on a legal interpretation of the relevant statutes.

##### 1. The relevant statutory scheme

Under KRS § 337.385, an employee may be entitled to liquidated damages, costs, and attorney's fees if he is denied compensation to which he is entitled. The statute provides, in pertinent part, that:

> **Employer's liability -- Unpaid wages and liquidated damages.**
> (1) Any employer who pays any *employee* less than wages and overtime compensation to which such employee is entitled under or by virtue of KRS 337.020 to 337.285 shall be liable to such employee affected for the full amount of such wages and overtime compensation, less any amount actually paid to such employee by the employer, for an additional equal amount as liquidated damages, and for costs and such reasonable attorney's fees as may be allowed by the court.

Ky. Rev. Stat. Ann § 337.385 (2008) (emphasis added).[1] The term "employee" is defined in KRS § 337.010(2), which provides that:

> As used in . . . KRS 337.385 . . . , *unless the context requires otherwise*: (a) "Employee" is any person employed by or suffered or permitted to work for an employer, but *shall not include*: . . . [*a]ny individual employed in a . . . professional capacity*, . . . as the terms are defined by administrative regulations of the executive director.

Ky. Rev. Stat. Ann. § 337.010(2) (2008) (emphasis added).

---

[1]KRS § 337.385 also provides that, "if, in any action commenced to recover such unpaid wages or liquidated damages, the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of KRS 337.020 to 337.285, the court may, in its sound discretion, award no liquidated damages, or award any amount thereof not to exceed the amount specified in this section. Any agreement between such employee and the employer to work for less than the applicable wage rate shall be no defense to such action . . . ." *Id.* The district court declined to address the issue of whether Bosch acted in good faith because it determined that Whitewood was exempt under the plain language of the statute.

The referenced administrative regulations describe "professional employees" under KRS § 337.010(2) as employees who perform work requiring knowledge of an advanced type in a field of science or learning, and go on to say that a field of science or learning includes the traditional profession of engineering. 803 Ky. Admin. Reg. 1:070 §§ 4(1)(b) and 4(2)(c) (2007).

As part of its analysis of Whitewood's eligibility for the remedies set forth in § 337.385, the district court made the following findings:

> Plaintiff was a professional electrical engineer. He was initially engaged in the design and manufacture of tools and earned over $100,000 annual salary with additional bonuses. As a corporate quality manager, he worked with other manufacturing facilities to satisfy requirements on "corporate metrics for quality performances." In performing these tasks, he used his engineering skills, his analytic skills and considerable independent judgment to succeed in his work. He supervised others and made employment decisions. Although he maintained his same job title until the end, he supervised fewer employees.

*Whitewood*, 2006 U.S. Dist. LEXIS 73232 at 9-10. Whitewood does not appear to dispute these factual findings and they should be credited. *See TransAmerica Assur. Corp.*, 489 F.3d at 259. The district court went on to conclude that Whitewood, as an engineer, is an exempt professional employee who could not recover under KRS § 337.385. The court based its conclusion largely upon the plain language of KRS § 337.385, and the definition of its relevant terms in § 337.010(2) and the associated administrative regulations.[2]

---

[2]Because jurisdiction in this case is based on diversity of citizenship, this Court applies Kentucky law in accordance with the controlling decisions of the Kentucky Supreme Court when interpreting Kentucky statutes. *See Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 361 (6th Cir. 2001). However, "[i]f the state supreme court has not yet addressed the issue presented, this Court must predict how it would rule, by looking to 'all available data,' including state appellate decisions." *Id.* (quoting *Kingsley Assocs., Inc. v. Moll PlastiCrafters, Inc.*, 65 F.3d 498, 507 (6th Cir. 1995)).

## 2. The "requires otherwise" provision of KRS § 337.010

Whitewood first contends that the district court failed to apply relevant and controlling Kentucky case law when it determined that he was exempt from coverage under KRS § 337.385.

He argues that *Healthcare of Lousiville v. Kiesel*, 715 S.W.2d 246, 248 (Ky. Ct. App. 1986) is the sole reported Kentucky authority interpreting the relevant statues and that under *Kiesel,* the "definitional exclusion of 'employee' authorized in KRS § 337.010(2)(a)(2) is not applicable to § 337.385 because the context of KRS § 337.385 requires otherwise." (Whitewood Br. at 8.)

Whitewood's reading of *Kiesel* is misguided. In *Kiesel*, a defendant healthcare organization appealed a judgment awarding damages, attorney fees, and costs under KRS § 337.385 for the defendant's failure to pay agreed-upon benefits to a doctor employed as a medical director. Discussing and applying KRS §§ 337.385 and 337.010, the court determined that the plaintiff doctor was an employee entitled to recover under the statute because the context "require[d] otherwise." *Id.* at 248. Without elaborating upon why the context "required otherwise," the court stated that "it is just as unlawful to fail to pay or to withhold a part of the salary of an executive, administrative, supervisory or professional employee as it would be to do so in the case of any other type of employee." *Id.* While *Kiesel* does support the proposition that, in a given case, an otherwise exempt employee can recover under KRS § 337.385 notwithstanding the limitations stated in § 337.010 if the context "requires otherwise," there is no evidence of a unique context that warrants an exception from the statutory provisions in the instant case.

Moreover, Whitewood's broader statutory argument lacks merit. Whitewood argues that *"the context of KRS 337.385* 'requires otherwise' than to exempt employees like Whitewood from its remedies." (Whitewood Br. at 8 (emphasis added).) It is unclear how the context of a *statute* can "require otherwise" than to exempt employees like Whitewood when the relevant statutory scheme specifically exempts professional employees such as engineers from coverage under § 337.385. Whitewood's proffered reading would render § 337.010's exclusion of professional employees meaningless and would contradict the plain language of that statute.

The more logical reading of the "requires otherwise" provision of KRS § 337.010 is that the limitations § 337.010 can be overcome when the context and equities of a *particular case* require that an employee be entitled to the remedies set forth in § 337.385. This reading is in line with *Rawlings v. Breit*, 2005 WL 1415356 at *6-7 (Ky. Ct. App. June 17, 2005), where the Kentucky Court of Appeals found that the plaintiff attorneys were precluded from recovering under KRS § 337.385 based on the definition of employee found in § 337.010(2)(a)(2), and rejected the argument that *Kiesel* required a different outcome. A similar result was reached in *Haeberle v. McCall, Currens, Toper & Thompson, P.S.C.*, 2007 WL 1201587 at *8 (Ky. Ct. App., April 20, 2007), where the court held that a dentist was an exempt employee under §

337.385, and the Supreme Court of Kentucky denied discretionary review of the case.[3] These decisions are more consistent with the plain language of KRS §§ 337.385 and 337.010.

For all of these reasons, we conclude that the district court did not err when it rejected Whitewood's statutory argument.

### 3. Whitewood's state constitutional argument

Whitewood also argues that the application of KRS § 337.010 to exclude him from coverage under § 337.385 raises constitutional issues that should be avoided. He submits that the district court's holding will cause some employees to be treated differently than other employees for purposes of prompt pay claims, and that this implicates the equal protection guarantees of Section 59 of the Kentucky Constitution.

Looking, as we are required to do, to the Kentucky courts for guidance, we conclude that Whitewood's argument lacks merit. As Bosch correctly notes, the *Rawlings* and *Haeberle* Courts found no error in excluding a class of employees like Whitewood from recovering under the statutes, and the Kentucky Supreme Court denied discretionary review of that issue in *Haeberle*. Moreover, the Kentucky Supreme Court has stated that KRS § 337 is the Kentucky equivalent to the Fair Labor Standards Act, 29 U.S.C. §§ 201-219, which includes the same

---

[3]A number of district courts applying Kentucky law to interpret the statutes at issue have elected to follow suit with *Rawlings* and *Haeberle*, distinguishing *Kiesel* as a case that provided "no explanation for its deviation from the strictures of KRS § 337.010(2), but simply found that under the facts before it 'the context require[d] otherwise.'" *Stathers v. Ice Cream Distribs. of Evansville*, LLC, 2007 U.S. Dist. LEXIS 83485 (W.D. Ky. Nov. 8, 2007); *see also Roby v. Midstates Indus. Group*, 2007 U.S. Dist. LEXIS 50694, 4-5 (W.D. Ky. July 6, 2007) ("The context of the case at hand does not compel us to deviate from § 337.010(2)'s exemption of outside salesmen."); *Hodak v. Madison Capital Mgmt.*, 2007 U.S. Dist. LEXIS 35248 (E.D. Ky. May 14, 2007) ("Finding that the context does not require otherwise in this situation, the Court elects to follow the lead of the *Rawlings* court and base its decision on the statutory definition of employee.")

classifications and was deemed an appropriate exercise of legislative power in *United States v. Darby*, 312 U.S. 100 (1941). *See City of Louisville, Div. of Fire v. Fire Serv. Managers Ass'n by & Through Kaelin*, 212 S.W.3d 89, 92 (Ky. 2006). All of these cases support a conclusion that the Kentucky courts would deem the statute constitutional.

In sum, because Whitewood's state constitutional argument fails, and because Whitewood's case does not present a context that requires a different result, we hold that the district court did not err in determining that Whitewood is precluded from receiving attorneys fees, costs, and liquidated damages under KRS § 337.385.

## II.     The enforceability of the settlement agreement

### A.     Standard of Review

To the extent that a district court makes findings of fact that parties had agreed to the terms of a settlement agreement, this Court reviews the district court's findings under the clearly erroneous standard. *Therma-Scan, Inc. v. Thermoscan, Inc.*, 217 F.3d 414, 419 (6th Cir. 2000). Otherwise, this Court utilizes the abuse-of-discretion standard in reviewing the district court's determination of whether to enforce the settlement agreement. *Id.*

### B.     Analysis

On cross-appeal, Bosch argues that the parties executed a valid settlement agreement and that the district court abused its discretion by failing to enforce it.

The first scheduled trial on this matter was adjourned when a tentative settlement was reached on the day of trial. The district court entered an order dismissing the case as settled with leave to reinstate the case on the docket if the settlement was not consummated. A dispute arose as to the terms of the settlement agreement and Whitewood filed a motion to enforce the

agreement. In his motion, Whitewood argued that when Bosch used the term "current" to describe the subsidiaries to which Whitewood could not re-apply and defined those as companies affiliated with Bosch as of January 8, 2007, Bosch "significantly increase[d] the number and nature of the 'precluded companies' on the list of current companies which it agreed to produce." (Joint Appendix "J.A." at 111.) He argues that the list of "current" subsidiaries that was initially agreed-upon included only those companies affiliated with Bosch as of March 31, 2004. Each party proposed language in an attempt to clarify the disputed clause, but the parties could not agree to the terms.

The court held a hearing to address the dispute and on January 26, 2007, it concluded that the parties could not agree upon settlement, vacated its previous order, and reinstated the case on the trial docket. Bosch argues that the court's decision was an abuse of discretion, because the parties had reached a valid agreement, and submits that Whitewood was attempting to exit the agreement by raising a "hyper-technical" dispute about the word "current."

Bosch's characterization of the point as "hyper-technical" is contradicted by its refusal to compromise on the definition of the term. Further, the issue relates back to the parties' original conflict; Whitewood's stated concerns with the original Separation Agreement stemmed, at least in part, from his uncertainty regarding the companies to which he could apply. This Court has held that when parties have reasonable differences in interpretation and can not reach agreement over the meaning of a clause in a tentative agreement, there is no "meeting of the minds" on the agreement, and the purported agreement should be disregarded. *Therma Scan*, 217 F.3d at 420 (holding that it was an abuse of discretion for the district court to impose one party's version of the settlement upon the other when the terms were disputed); *see also Frear v. P.T.A. Indus.*, 103

S.W.3d 99, 105 (Ky. 2003) (recognizing that an ambiguous agreement is "one capable of more than one different, reasonable interpretation."). Consequently, because the parties each offer a viable and conflicting interpretation of the terms of the agreement, we hold that the district court did not abuse its discretion by refusing to enforce the settlement agreement.

## III. Jury Instructions

### A. Standard of Review

This Court reviews a district court's refusal to give a requested jury instruction for abuse of discretion. *Tompkin v. Philip Morris USA, Inc.*, 362 F.3d 882, 901 (6th Cir. 2004). "A district court's refusal to give a jury instruction constitutes reversible error if (1) the omitted instruction is a correct statement of the law, (2) the instruction is not substantially covered by other delivered charges, and (3) the failure to give the instruction impairs the requesting party's theory of the case." *Id.* "A judgment may be reversed only if the instructions, viewed as a whole, were confusing, misleading, or prejudicial." *Id.* (internal quotation marks and citations omitted).

### B. Analysis

On cross-appeal, Bosch challenges the district court's refusal to provide the jury with an instruction relating to the rejection of an offer. Bosch requested the following instruction:

> Whitewood's power to accept Bosch's offer of a severance and retention package may be terminated by: (1) his rejection, repudiation, or counter-offer; . . . . If you find that Whitewood manifested an intention not to accept Bosch's offers . . . before rendering the invited performance, then you must find that Whitewood rejected those offers before acceptance. If you find from the evidence that Whitewood manifested an intention to reject or repudiate Bosch's offer, then his actions are a rejection of Bosch's offer and you should enter a verdict for Bosch . . . .

(J.A. at 151.)

The district court declined to provide the instruction, explaining that "you can't reject a unilateral offer" and that "[Bosch's] unilateral offer was we are going to pay you to show up for work, and if you show up until a date certain and you sign the agreement . . . we pay you $30,000. No one has ever disputed that . . . ." (J.A. at 218.)

To establish that the court erred in omitting the instruction, Bosch must first establish that the omitted instruction is a correct statement of the law. *See Tompkin*, 362 F.3d at 901. The Restatement (Second) of Contracts, § 53(3), provides that "[w]here an offer of a promise invites acceptance by performance and does not invite a promissory acceptance, the rendering of the invited performance does not constitute an acceptance if before the offeror performs his promise the offeree manifests an intention not to accept."[4] Bosch's proposed instruction, which asks the jury to consider whether Whitewood "manifested an intention not to accept Bosch's offer[,]" is consistent with this language and we conclude that it was a correct statement of the law.

Second, Bosch must establish that the omitted instruction was not substantially covered by other delivered charges. *Tompkin*, 362 F.3d at 901. The court provided the following instruction, which was the only substantive contract law provided to the jury:

**INSTRUCTION NO. 1**
Plaintiff contends that the Separation Agreement, which he
refused to sign, constitutes a new condition or additional material

---

[4]There is a dearth of published Kentucky law relating to this issue. However, in *Bailey v. V&O Press Co.*, 770 F.2d 601, 604 (6th Cir. 1985) this Court noted that restatements of law are persuasive authority in diversity cases. In *Hargis v. Baize*, 168 S.W.3d 36, 47 (Ky. 2005), and *UPS v. Rickert*, 996 S.W.2d 464, 473 (Ky. 1999), the Kentucky Courts cited to the Restatement (Second) of Contract as authority.

requirement to the severance and retention package offered by Bosch in early 2003. If the Separation Agreement is a new condition or an additional material requirement, then Plaintiff was within his rights to refuse to sign it, and is entitled to the severance benefits promised. However, if the Separation Agreement is within the meaning of the release conditions of the original offer, then Plaintiff's refusal to sign it excuses Defendant's further performance.

Question 1: Do you believe from the evidence that the reapplication prohibition in paragraph one of the Separation Agreement is a new or additional material requirement to the severance offer communicated between January and May 2003?

(J.A. at 158.)

The jury's verdict form then provided:

**VERDICT FORM**

Answer to Question 1:

_____ Yes, and we the jury award Paul Whitewood damages for withheld severance and retention pay in the amount of $31,875.

OR

_____ No, and we the jury find for the Defendant, Robert Bosch Tool Corp., and award the Plaintiff, Paul Whitewood, no damages.

(J.A. at 160.)

Viewing the court's instruction together with the verdict form, it becomes clear that the jury was not asked to consider whether Whitewood manifested an intent to reject Bosch's unilateral offer. Instead, the instructions focus upon whether Bosch imposed an additional requirement when it added a reapplication provision, and provided that Whitewood was justified in refusing to sign the agreement if it did so. We therefore conclude that the omitted instruction was not substantially covered by the instructions provided to the jury.

Third, Bosch must establish that failure to give the requested instruction impaired its theory of the case. *Tompkin*, 362 F.3d at 901. We find that it did. Because the defense provided evidence that Whitewood rejected the severance and retention offers made to him, the lack of an instruction regarding rejection of an offer hindered its ability to argue that the offer was, in fact, rejected. With the proposed instructions and under the facts before the jury, the jury could have reasonably concluded that Whitewood rejected Bosch's offer or proffered a counter-offer, and if it did so, it could not have properly found that Bosch breached its contract with Whitewood.[5] We therefore conclude that the failure to deliver an instruction on rejection of an offer impaired Bosch's theory of the case and that the resulting instructions, viewed as a whole, were "confusing, misleading, or prejudicial" as required in *Tompkin*, 362 F.3d at 901.

While the district court was not required to provide the entire instruction submitted by Bosch, the court was required to, and did not, give the jury *some* instruction on the legal concept of rejection of an offer to put that issue before the jury. Consequently, because we find that (1) the omitted instruction is a correct statement of the law, (2) the instruction was not substantially covered by other delivered charges, and (3) the failure to give the instruction impaired Bosch's theory of the case, we find that the district court abused its discretion and committed reversible error. *See id.*

## CONCLUSION

---

[5]To be sure, the jury could have found, even with the proffered instruction, that Whitewood's actions were an attempt to clarify the agreement and/or that he did not reject the unilateral offer. The jury also could have found that Whitewood performed under the contract before any alleged rejection occurred. However, these are factual determinations. The important point is that the jury did not consider whether Whitewood rejected the offer, an issue that likely constituted Bosch's most viable defense.

For the reasons stated above, we **AFFIRM** the judgment of the district court with respect to the court's dismissal of Whitewood's claims under KRS § 337.385 and its ruling that the parties had not reached an enforceable settlement agreement. However, we **REVERSE** the court's judgment with respect to the court's refusal to submit Bosch's proposed jury instruction and **REMAND** for a new trial.