**Yvonne Bitton ROBERTS, Petitioner,**

v.

**Earl OSBORNE, Judge, Calloway Circuit Court, Respondent.**

Court of Appeals of Kentucky.

Oct. 14, 1960.

David L. Gittleman, Louisville, for petitioner.

Wells Overby, Murray, for respondent.

CULLEN, Commissioner.

This is an original proceeding in this Court in which Yvonne Roberts seeks an order prohibiting the judge of the Calloway Circuit Court from further proceeding in a divorce action in that court between Mrs. Roberts and her husband and from taking any steps or proceedings in the action, including proceedings to punish Mrs. Roberts for contempt.

In May 1960 Mrs. Roberts filed an action against her husband in the Calloway Circuit Court, seeking a divorce, custody of their infant daughter, and a support allowance. The court entered an interlocutory order awarding custody of the child to Mrs. Roberts but providing that the paternal

grandmother should have temporary custody on alternate weekends.

On June 24, upon a motion of the defendant to dismiss the action because the plaintiff had not been a resident of this state for the required one-year period, the court entered an order dismissing the action "insofar as said Complaint seeks a divorce." Thereafter on July 1, the court entered an order that "the action" be dismissed.

Following the entry of the order of July 1 Mrs. Roberts took up residence, with her child, in Jefferson County, and refused to allow the paternal grandmother to have the child on alternate weekends, as had been provided in the interlocutory order in the divorce action. Proceedings then were commenced to have Mrs. Roberts adjudged in contempt. On September 9 the court entered an order finding Mrs. Roberts to be in contempt and ordering her to appear for the purpose of purging herself or showing cause why she had failed to comply with the custody order. On the same day the court entered another order purporting to set aside the order of July 1 which had dismissed the divorce action. The recited ground for setting aside that order was that the judge, upon receiving the order form from Mrs. Roberts' attorney in the mail, along with some other order forms, had signed it inadvertently, without reading it and without knowledge of its contents, and that the order did not "embody the ruling of this Court."

The instant proceeding in this Court is for the purpose of prohibiting further steps in the contempt proceedings or in the divorce action itself.

■ It is clear that the order of July 1, dismissing the action, had the effect of carrying down with it all previous orders in the case, including the interlocutory order as to custody. See Shackelford v. Williams, 51 S.W. 614, 21 Ky.Law Rep. 422; Potter v. Yonts, 172 Ky. 130, 188 S.W. 1059. It operated to end the jurisdiction of the court, after the expiration of the 10-day period of general control allowed by CR 59.01 to 59.05.

■ The asserted error of the judge in signing the July 1 order was a judicial error and not a clerical one. He had no jurisdiction on September 9 to correct the error (CR 60.02 not being applicable). James v. Hillerich & Bradsby Company, Ky., 299 S. W.2d 92.

■ An order will issue prohibiting the respondent judge from further proceeding in the action of Yvonne Bitton Roberts v. Hugh L. Roberts and from taking any steps or proceedings in the action, including proceedings to punish Mrs. Roberts for contempt.