Mary EARLY, Appellant,

v.

CAMPBELL COUNTY FISCAL COURT, Appellee.

Court of Appeals of Kentucky.

Feb. 8, 1985.

Discretionary Review Denied and Opinion Ordered Published June 26, 1985.

G. Hocksworth Pruitt, Covington, for appellant.

Paul H. Twehues, Jr., Newport, for appellee.

Before COMBS, MILLER and WHITE, JJ.

WHITE, Judge.

This appeal is from a dismissal for lack of jurisdiction of the subject matter by the Campbell Circuit Court. We affirm.

The question before the lower Court was the resolution of KRS 337.310(1) and KRS 337.385(1). In dealing with labor matters of wages and hours, KRS 337.310(1) relates that questions of fact shall be decided by the commissioner, with a right of review by the Circuit Court. KRS 337.385(1), however, in addressing unpaid wage claims relates that "[s]uch action may be maintained in any court of competent jurisdiction."

Appellant Early initiated her Complaint for unpaid wages in the Campbell Circuit Court, but such was dismissed upon that Court's determination that KRS 337.310(1) required resolution of the facts first to be decided by the Commissioner of Labor. We cannot find error in this action.

When the applicable statutes and attendant regulations are read together, it is to be concluded that the jurisdiction of the Circuit Court attaches to wage concerns only after the facts have been decided by the Commissioner. Review by the Circuit Court is restricted to certain concerns delineated not only by KRS 337.310 but also by 803 KAR 1:035(9, 10).

Accordingly, although the Circuit Court is a court of competent jurisdiction as referred to in KRS 337.385(1), it is not one of original jurisdiction. Its "competent jurisdiction" does not attach until after the Labor Commissioner has conducted his own proceeding, *i.e.* it is involved only in review, not initial resolution.

The judgment is affirmed.

All concur.