**James McMILLEN, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Sept. 19, 1986.

Discretionary Review Denied by Supreme Court Oct. 28, 1986.

Frank W. Heft, Jr., Chief Appellate Defender of the Jefferson Dist. Public Defender, Daniel T. Goyette, Jefferson Dist. Public Defender, Louisville, for appellant.

David L. Armstrong, Atty. Gen., David A. Smith, Asst. Atty. Gen., Frankfort, for appellee.

Before DYCHE, HOWARD and LESTER, JJ.

HOWARD, Judge.

This is an appeal from an order of the Jefferson Circuit Court amending the conditions of the appellant's conditional discharge.

On October 15, 1985, the appellant entered a plea of guilty to an amended charge of carrying a concealed deadly weapon. Although the appellant was diagnosed as a paranoid schizophrenic, the appellant was deemed competent to stand trial at a competency hearing held prior to entry of the plea. The trial court sentenced the appellant to six months, but withheld that sentence and placed the appellant on conditional discharge for two years.

The conditions of the appellant's conditional discharge were "1. that he remain on his good behavior and refrain from any further violations of the law in any respect; 2. present himself to Central State [Hospital] for treatment and not discharge himself against doctors' orders; and 3. court costs waived."

On November 5, 1985, a staff psychologist at Central State Hospital notified the court that the appellant had entered the hospital but refused to take the prescribed medication. The psychologist stated that because the appellant did not meet the criteria for forcible administration of medication or involuntary commitment, he was discharged.

A hearing was held on November 13, 1985, for the purpose of reviewing the conditions of the appellant's conditional discharge. No witnesses were called and no

evidence was presented other than the letter from the hospital. The trial court proposed that condition No. 2 of the conditional discharge be amended to include that appellant "cooperate in any recommended treatment program at the hospital." The appellant objected to this change, partly on the ground that there should be a full hearing where he could call and cross-examine witnesses. The trial court, however, ruled that the proposed modification be made.

The appellant contends that he was deprived of his right to due process as guaranteed by the state and federal constitutions when the trial court amended the order of conditional discharge without allowing the appellant the opportunity to confront or cross-examine witnesses.

The appellant has failed to cite any cases in which the holding is that a full due process hearing must be held for modification of a condition of conditional discharge. In *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), cited by the appellant, the Court held that certain minimum requirements of due process, such as the right to confront and cross-examine adverse witnesses, were necessary in a hearing on the *revocation* of probation or parole. *See Murphy v. Commonwealth*, Ky.App., 551 S.W.2d 838 (1977). Due process is required for parole or probation revocation because one might suffer the loss of his liberty. *Id.*, 411 U.S. at 781, 36 L.Ed.2d at 661. Presumably, since the amendment of the conditions of probation or conditional discharge in virtually all cases does not involve loss of liberty, the same requirements of due process would not apply.

■ The court below added the language to the conditional discharge order on the authority of CR 60.02(a). That rule provides for relief from a final judgment on the grounds of mistake, inadvertence, surprise, or excusable neglect. The trial court stated that he would have used the added language in the initial order had it occurred to him that appellant would refuse treatment in order to get discharged. However,

it has been held that relief under CR 60.02 is not available for judicial errors or mistakes. *Roberts v. Osborne*, Ky., 339 S.W.2d 442 (1960); *James v. Hillerich & Bradsby Company*, Ky., 299 S.W.2d 92 (1956). Thus, CR 60.02 did not give authority for the trial court's actions.

The trial court also reasoned that RCr 10.10 would give him authority to make the change in the conditional discharge order. RCr 10.10 provides: "Clerical mistakes in judgments, orders, or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time on its own initiative or on the motion of any party and after such notice, if any, as the court orders." The language of RCr 10.10 strongly implies that its application is limited only to clerical errors and omissions, not judicial ones.

■ However, in KRS 533.020(2), the courts are given the authority to "modify or enlarge the conditions [of a conditional discharge] ... at any time prior to the expiration or termination of the period of conditional discharge." KRS 533.050(2) requires that prior to such modification, the defendant must receive written notice of the grounds for modification and a hearing must be held with the defendant represented by counsel. The court below complied with KRS 533.050. As stated previously, there is no case law requiring the hearing to include, in addition, the confrontation and cross-examination of witnesses. The trial court clearly acted within its statutory authority.

The appellant cites *Keith v. Commonwealth*, Ky.App., 689 S.W.2d 613 (1985), in which this Court held that an order revoking the defendant's probation is totally arbitrary and must be vacated when there is no showing that the defendant actually breached the conditions of his probation. In *Keith, supra*, one of the conditions of the defendant's probation was that he "commit" himself to Eastern State Hospital for treatment of various mental disorders. The defendant presented himself to Eastern State but his evaluating psychiatrist found the defendant did not need hos-

**510**

pitalization and recommended he take outpatient treatment. The defendant was taking outpatient treatment and apparently making progress.

This Court stated that although the defendant did not actually "commit" himself for hospitalization, he was cooperating in every way in order to get the required treatment. Therefore, this Court reasoned that there was no actual violation of a condition of defendant's probation on this ground and vacated the order of probation revocation.

There is a key difference between *Keith, supra,* and the instant case. The defendant in *Keith* was complying with the intent of the probation condition, i.e., that he seek and participate in a psychiatric treatment program, even though he was not committed to the psychiatric hospital as called for in the order. In the case at bar, the obvious intent of the condition on the appellant's conditional discharge was also that appellant obtain treatment. Technically, he complied with the order by presenting himself at Central State and not discharging himself against medical advice. But surely the appellant evaded the intent of the condition, i.e., psychiatric treatment, when he refused prescribed medication.

. Further, we think that in adding the language requiring the appellant to cooperate in treatment, the trial court was merely clarifying what should have been a clear implication of his prior order. Therefore, we hold the modification of the order for conditional discharge was properly completed and was not arbitrary.

This judgment is affirmed.

All concur.