Robert B. NOEL, Appellant,

v.

SEASON–SASH, INC., a Delaware Corporation, and F.M.P. Corporation, a Delaware Corporation, Appellees.

Court of Appeals of Kentucky.

Dec. 19, 1986.

Rehearing Denied Jan. 30, 1987.

William C. Jacobs, Lexington, for appellant.

James L. Cobb, William C. Oldfield, Covington, for appellees.

Before COMBS, McDONALD and WILHOIT, JJ.

McDONALD, Judge:

The appellant, Robert B. Noel, filed the instant action in the Fayette Circuit Court seeking wages, earned but unpaid, from his former employer, the appellee, Season-Sash, Inc. He further sought double damages and attorney's fees pursuant to KRS 337.385. The case was referred to the commissioner who conducted a full blown evidentiary hearing although a disposition on the merits of Noel's claim was never rendered. The Fayette Circuit Court dismissed Noel's complaint solely upon the basis of this court's opinion in the case of *Early v. Campbell County Fiscal Court*, Ky.App., 690 S.W.2d 398 (1985). The *Early* case holds that a circuit court has no original jurisdiction to hear "wage concerns" and that jurisdiction in the circuit court "does not attach until after the Labor Commissioner has conducted his own proceedings."

Noel has raised several issues of constitutional import not discussed in the *Early* opinion which, we believe, require the holding in *Early* to be examined and refined to prevent the inappropriate application of KRS 337.310(1) to jurisdictionally valid contract disputes filed in our circuit or district courts.

KRS 337.310(1) provides that "[a]ll questions of fact arising under KRS 337.020 to 337.405 ... shall be decided by the commissioner." [1] These specific provisions of KRS Chapter 337, Wages and Hours, provide: the time frame within which wages must be paid (KRS 337.020), the circumstances

under which an employer must pay time and a half (KRS 337.050 and 337.285), that an employer cannot withhold any part of a wage (KRS 337.060) or require an employee to turn over his tips (KRS 337.065), that an employer must provide a wage statement and rest periods (KRS 337.070 and 337.365), and that a minimum wage must be paid (KRS 337.275). In brief, these sections of the chapter delineate the minimum conditions pertaining to pay and hours of work that an employer must provide to his employees.

As was noted in *Miller v. Jones*, Ky. App., 658 S.W.2d 888 (1983), that which the legislature creates, "it also has the power to implement or even abolish." It is not questioned that the legislature may create a statutory right, prescribe the civil remedy therefor and the procedure to be utilized in obtaining the remedy. *Grzyb v. Evans*, Ky., 700 S.W.2d 399 (1986). Thus, in those instances where an employee alleges he is not receiving the benefits mandated by the wage and hour chapter, we find no defect in KRS 337.310(1) which requires that he take such a complaint to the Commissioner of Labor for a hearing and resolution, subject, of course, to appropriate judicial review. However, where, as in the instant case, an employer and employee have *contracted* for certain wages and benefits, a claim for wages arising from that contract is clearly a matter for which jurisdiction is vested in our trial courts. In such a case the duty to pay the wage emanates from the contract, not the statute. There is no language in this chapter that hints that the legislature intended for the labor commissioner to hear disputes between employer and employees alleging violations of contracts. Certainly such a statute would not be consistent with and therefore would be repugnant to several sections of our Constitution, specifically Section 109 which provides, "[T]he judicial power of the Commonwealth shall be vested exclusively in one Court of Justice ...," and Section 112(5) which provides that the "Circuit Court shall have original jurisdiction of all

---

1. The Commissioner of Labor. KRS 337.-010(1)(a).

justiciable causes not vested in some other court." *See Carr v. Cincinnati Bell, Inc.,* Ky.App., 651 S.W.2d 126 (1983), and *Keller v. Kentucky Alcoholic Beverage Control Board,* 279 Ky. 272, 130 S.W.2d 821 (1939). More importantly, such a statute would conflict with Section 14 of our Constitution which provides, "All courts shall be open, and every person for an injury done him in his lands, goods, person or reputation, shall have remedy by due course of law...." As recognized by our highest court in *Board of Education v. City of Louisville,* 288 Ky. 656, 157 S.W.2d 337, 343 (1941), "The strength of every contract lies in the right of the promisee to rely upon the constitutional security against impairment of its obligations by legislation *and in the right to resort to courts of public justice* for the redress of its violation."

The appellee employer relies on the *Keller* case, which upholds the authority granted the Alcoholic Beverage Commission in regulating liquor licenses, for the proposition that the exercise of a quasi judicial act by an administrative body is not offensive to Section 109 of the Constitution. Nevertheless, the *Keller* court expressly recognized that matters concerning the issuance of a liquor license did not involve "a *contract* or property *right." Id.,* 130 S.W.2d p. 824 (emphasis our own).

To interpret the *Early* opinion, as did the trial court, as requiring all those with wage disputes, regardless of the basis therefor, to initially seek redress with an administrative body, would also create a procedure in violation of Sections 27 and 28 of the Constitution. These sections provide for our tripartite form of government and "specifically *prohibit* incursion of one branch of government into the powers and functions of the other." (Emphasis our own.) *Legislative Research Commission v. Brown,* Ky., 664 S.W.2d 907 (1984). The General Assembly cannot require individuals to take their *private* disputes, constitutionally protected causes of action, to an administrative agency without encroaching on the power of the judiciary to hear and resolve those disputes. Such a dispute is clearly a "justiciable cause" which only the courts have original jurisdiction to hear.

■ To reiterate, the Commissioner of Labor has original jurisdiction, as held in the *Early* case, only in those wage and hour disputes in which the duty to provide the benefits sought by the claimant derives solely from the statute and not from an agreement between the parties as to the terms and conditions of employment and, of course, in those situations in which the parties agree to have their disputes resolved by the administrative route and who thereby waive their right to seek a judicial remedy.

■ The evidence before the trial court in this case clearly indicated that the basis for Mr. Noel's claim emanated from his contract of employment with the appellee. That he made reference to certain sections of KRS 337 in his complaint did not otherwise destroy the underpinnings of his claim. Furthermore, we believe it appropriate for the appellant to have mentioned these statutory provisions in order to recover double damages, costs and attorney's fee as provided for in KRS 337.385. That one can recover these damages in state court actions for breach of contract in wage-related cases was recently decided by this Court in a case arising from a different division of the Fayette Circuit Court, *Healthcare of Louisville v. Kiesel,* Ky. App., 715 S.W.2d 246 (1986), which affirmed the trial court's award of such damages to the plaintiff, Kiesel.

The judgment of the Fayette Circuit Court is reversed and the matter remanded for a trial on the merits.

COMBS, Judge, concurs.

WILHOIT, Judge, dissents and files a separate opinion.

WILHOIT, Judge, dissenting.

I respectfully dissent from the majority opinion. All of the "sturm and drang" over various sections of the Kentucky Constitution (we ought not overlook Section 7)

is quite unnecessary and akin to calling in the howitzers to dispose of a gnat.

Although not a model of clarity in this respect, the provisions of Chapter 337 of the Kentucky Revised Statutes appear to have provided an administrative remedy, at least since 1978, by which statutory violations might be remedied. This Court so recognized in *Early v. Campbell County Fiscal Court*, Ky.App., 690 S.W.2d 398 (1985), (discretionary review denied and ordered published June 26, 1985). Nothing in this Chapter seems to me to be intended to foreclose any citizen from filing a common law action for breach of contract. In the present case, however, it is quite obvious that the appellant did not intend to file such an action. A reading of his complaint quickly discloses that his claim is one ex statuto rather than ex contractu. For example, it alleges that the appellant was an employee and the appellees were employers within the meaning of a number of sections of Chapter 337. It alleges that he earned wages as defined in that chapter, and that the appellees have refused to pay him in violation of KRS 337.055 and .060, and that "by operation of KRS 337.055 and .060," and that "by operation of KRS 337.385" he is entitled to recover the wages earned, an additional amount equal to those wages, costs, and a reasonable attorney's fee. I find not so much as a word about any promise to pay or breach of that promise. In fact, the definition of "employee" contained in KRS 337.010(1)(e) referred to in the complaint includes any person "suffered or permitted to work for an employer," regardless of a contract between employer and employee.

Courts ought not to be hasty to "constitutionalize" every dispute which comes down the path. The order of the Fayette Circuit Court should be affirmed.