**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 09a0150n.06
Filed: February 19, 2009

**No. 08-1913**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| **TONY MARCELLI,** | ) | |
| | ) | |
| *Plaintiff-Appellant,* | ) | |
| | ) | ON APPEAL FROM THE |
| *and* | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| **CYNTHIA MARCELLI, MARCELLI** | ) | DISTRICT OF MICHIGAN |
| **CONSTRUCTION COMPANY, INC.,** | ) | |
| | ) | **O P I N I O N** |
| *Plaintiffs,* | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **JOHN M. WALKER, ET AL.,** | | |
| | | |
| *Defendants-Appellees.* | | |

BEFORE:   KENNEDY, MARTIN, and COLE, Circuit Judges.

**COLE, Circuit Judge.**   This case arises from an appeal from the district court's denial of

Plaintiff-Appellant Tony Marcelli's ("Marcelli") motion to reopen a closed case.  On February 13,

2007, the district court dismissed Plaintiffs Marcelli, Cynthia Marcelli, and Marcelli Construction

Company, Inc.'s ("MCCI") (collectively, "Plaintiffs") case with prejudice by stipulation of the

parties.  For the reasons set forth below, we **AFFIRM** the district court's refusal to reopen Marcelli's

case.

**I.  BACKGROUND**

The present dispute originates in an indemnification agreement between Plaintiffs and Ohio

No. 08-1913
*Marcelli, et al. v. Walker, et al.*

Farmers Insurance Company ("OFIC"). OFIC provided payment and performance bonds to MCCI on several municipal construction projects. As part of the consideration for issuance of those bonds, OFIC required Plaintiffs to enter into an indemnification agreement. When a dispute later arose over whether Plaintiffs were fulfilling their obligations under the indemnification agreement, and OFIC filed suit in Michigan state court. There, the Oakland County Circuit Court found in OFIC's favor and eventually awarded damages. *Ohio Farmers Ins. Co. v. Marcelli Constr. Co. Inc.*, No. 97-552567-CK, Opinion and Order (Mich. Cir. Ct. Nov. 10, 1998). The Michigan Court of Appeals affirmed the Circuit Court's decision, *Ohio Farmers Ins. Co. v. Marcelli Constr. Co. Inc.*, No. 221502, Opinion (Mich. Ct. App. Nov. 9, 2001), and the Michigan Supreme Court denied further review. *Ohio Farmers Ins. Co. Inc. v. Marcelli Constr. Co. Inc.*, No. 120805, Order (Mich. Sept. 20, 2002).

After the Michigan Supreme Court denied review, Plaintiffs filed a second suit in Oakland County Circuit Court, asking the court to set aside the previous judgment. OFIC moved for summary disposition based on res judicata, which the circuit court granted. *Marcelli Constr. Co., Inc. v. Ohio Farmers Ins. Co.*, No. 03-051080-CZ, Order (Mich. Cir. Ct. Feb. 11, 2004). The Michigan Court of Appeals affirmed, stating "[a]ll of the arguments now posited by petitioner were addressed in the prior action, including in appeals through our Supreme Court. Reassertion of these same grounds at a later date does not require setting aside the prior judgment." *Marcelli Constr. Co., Inc. v. Ohio Farmers Ins. Co.*, No. 254230, Opinion (Mich. Ct. App. June 23, 2005).

Finally, on December 11, 2006, Plaintiffs filed a complaint in federal district court alleging fraud, conspiracy, legal malpractice, violation of the Racketeer Influenced and Corrupt Organizations

- 2 -

Act, as well as violations of their due process and equal protection rights under the Fifth and Fourteenth Amendments against Defendants-Appellees James M. Walker, individually, and as agent for Westfield Companies d/b/a Ohio Farmer's Insurance Company; Gus Yogmour, Jr.; Ronald A. Deneweth; Schier, Deneweth & Parfitt, P.C.; Parfitt & Deneweth P.C.; Clifford Taylor, Chief Justice of the Michigan Supreme Court; Oakland County Drain Commission; William Klockow; George Bondi; City of Taylor; Gerald L. Couch; Cameron Priebe; Yopps & Wilkie & Associates, Inc.; John Wilkie; David Zanley; Randall Pentiuk, individually and as agent for City of Melvindale; Eric Witte; Charles Raines; Charles Raines & Associates; Souheil Sabak; City of Lapeer; George Strand; Ronald Shamblin; Ray Trucyn; TMP Associates; Timonty A. Casia; David M. Koziarz; Henry Ford Community College; Terry Biernet; Terry Stollsteimer; R.V. Burie Construction Management Consultants, Inc.; and Gary Mottler (collectively, "Defendants").

The district court declined to exercise supplemental jurisdiction over Plaintiffs' state law claims and dismissed those claims on January 18, 2007. That same day, the district court ordered Plaintiffs to provide a Case Statement to assure compliance with Federal Rule of Civil Procedure 11.

On February 7, 2007, Michael Reynolds, counsel for Plaintiffs, filed Plaintiffs' Response in Lieu of Case Statement, stating:

> 1. This action was filed on December 11, 2006 in the erroneous belief that the pleading satisfied the requirements of Rule 11 in all its particulars.
>
> 2. Through collegial conversation with one of defense counsel, plaintiffs' counsel became aware that the *action could not be maintained in good faith* and commenced the process of negotiating dismissal of the action *with his clients* and all counsel of record.
>
> 3. A stipulation to entry of an order of dismissal by all counsel of record was finally

completed and submitted to the court with a proposed form of order.

4. Plaintiffs entered voluntary dismissals against the remaining defendants with proof of service.

5. The foregoing steps were taken in recognition of Plaintiff[s'] counsel's error to minimize or mitigate harm caused by the error to the parties.

. . .

Wherefore, Plaintiffs request that [the] Court accept the foregoing statement as substitute for the Case Statement and enter the proposed consent dismissal Order.

(Record on Appeal ("ROA") 162-63 (emphasis added).) Thereafter, on February 13, 2007, the district court entered an order dismissing Plaintiffs' claims with prejudice under stipulation of counsel.

Sixteen months later, on June 10, 2008, Marcelli filed an Affidavit with the district court, requesting that the court reopen his case because his attorney had allegedly acted without his consent. On June 12, 2008, the district court interpreted Marcelli's Affidavit as a motion to reopen, and denied his motion.

Marcelli then filed an application to proceed In Forma Pauperis, which the district court denied on July 7, 2008, stating "Plaintiff Tony Marcelli has failed to present an actionable claim. Thus, any appeal from this decision would be frivolous." (ROA 181.)

On July 11, 2008, Marcelli appealed the district court's June 12, 2008 Order to this Court. In September 2008, Marcelli also filed a "Motion for Reinstating my Case that was Wrongfully Dismissed with Prejudice by my Former Attorney" with this Court. He has also filed two Addenda to that motion.

## II. LAW AND ANALYSIS

Marcelli claims that the district court abused its discretion by denying his June 10, 2008, motion to reopen. Marcelli argues that his attorney improperly dismissed his lawsuit in the district court without his permission. He seeks relief under Federal Rules of Civil Procedure 60(b) and (d).

### A. Relief under Federal Rule of Civil Procedure 60(b)

Federal Rule of Civil Procedure 60(b) provides a mechanism for seeking post-judgment relief—reopening of a case—for a limited set of circumstances. *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). Rule 60(b) states:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> > (1) mistake, inadvertence, surprise, or excusable neglect;
> >
> > (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> >
> > (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> >
> > (4) the judgment is void;
> >
> > (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> >
> > (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

However, "[a] motion under Rule 60(b) must be made within a reasonable time--and for

reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of proceeding." Fed. R. Civ. P. 60(c)(1). The time limit, as it relates to motions under Rule 60(b)(1), (2), and (3), is jurisdictional. *See Mitchell v. Rees*, 261 F. App'x 825, 830 (6th Cir. 2008); *Arrieta v. Battaglia*, 461 F.3d 861, 864 (7th Cir. 2006). In this case, Marcelli filed his motion to reopen on June 10, 2008—sixteen months after the district court's final judgment on February 13, 2007. As Marcelli stated that his motion was based on "Mistakes; Inadvertence; Excusable Neglect" under Rule 60(b)(1) (*see* Pro Se Appellant's Br. 3), we find Marcelli's Rule 60(b) motion untimely filed. Thus, the district court lacked jurisdiction to consider the motion, and it must be denied.

**B.      Relief under Federal Rule of Civil Procedure 60(d)**

While Rule 60(b) is generally a party's exclusive avenue when seeking relief from a final judgment or order, *see United States v. Beggerly*, 524 U.S. 38, 46 (1998), Rule 60(d) provides a "savings clause, preserving the law before its enactment in 1946, that allows judgments to be attacked without regard to the passage of time[.]" *Computer Leasco, Inc. v. NTP, Inc.*, 194 F. App'x 328, 334 (6th Cir. 2006). Specifically, the section states:

> (d) Other Powers to Grant Relief. This rule does not limit a court's power to:
>
>> (1) entertain an independent action to relieve a party from a judgment, order, or proceeding;
>>
>> (2) grant relief under 28 U.S.C. § 1655 to a defendant who was not personally notified of the action; or
>>
>> (3) set aside a judgment for fraud on the court.

Fed. R. Civ. P. 60(d). Independent actions for relief under this section "must, if Rule 60(b) is to be interpreted as a coherent whole, be reserved for those cases of 'injustice which, in certain instances,

are deemed sufficiently gross to demand a departure' from rigid adherence to the doctrine of *res judicata*." *Beggerly*, 524 U.S. at 46 (quoting *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 244 (1944))

> We have set forth the elements of such an independent cause of action as:
>
> (1) a judgment which ought not, in equity and good conscience, to be enforced; (2) a good defense to the alleged cause of action on which the judgment is founded; (3) fraud, accident, or mistake which prevented the defendant in the judgment from obtaining the benefit of his defense; (4) the absence of fault or negligence on the part of the defendant; and (5) the absence of any adequate remedy at law.

*Barrett v. Sec'y of Health & Human Servs.*, 840 F.2d 1259, 1263 (6th Cir. 1987) (citations omitted)). Relief through an independent action is available only in cases "of unusual and exceptional circumstances." *Rader v. Cliburn*, 476 F.2d 182, 184 (6th Cir. 1973). As an equitable action, our standard of review is abuse of discretion.

We find that the district court did not abuse its discretion in denying Marcelli Rule 60(d) relief. Marcelli's effort to reopen his district court case fails to meet the standards for an independent action under the Rules. Marcelli has not filed an independent action under Rule 60(d), nor has he presented good cause for the stipulated dismissal to be overturned. Moreover, it appears from the record that Marcelli had more than an adequate opportunity to be heard on his claims.

### III. CONCLUSION

For the reasons set forth above, we **AFFIRM** the judgment of the district court. Marcelli's motion is also denied.