TOYOTA MOTOR MANUFACTURING,
KENTUCKY, INC., Appellant,

v.

Honorable Robert G. JOHNSON (Judge,
Scott Circuit Court) and Jeff Sergent
(Real Party in Interest), Appellees.

No. 2007–SC–000647–MR.

Supreme Court of Kentucky.

March 19, 2010.

Rehearing Denied Aug. 26, 2010.

Brent Robert Baughman, Mark Scott Riddle, Greenebaum, Doll & McDonald, PLLC, Jeffrey Alan Savarise, Fisher & Phillips, Louisville, KY, John Choate Roach, Ransdell & Roach, PLLC, Lexington, KY, Counsel for Appellant.

Robert G. Johnson, Georgetown, KY, Counsel for Appellee, Honorable Robert G. Johnson (Judge, Scott Circuit Court).

Dennis Franklin Janes, Herbert Lee Segal, Segal, Lindsay & Janes, PLLC, Louisville, KY, Elizabeth Snow Hughes, Nora Ann Koffman, Gess, Mattingly & Atchison, PSC, Jeffrey Scott Walther, Robert Louis Roark, Walther, Roark & Gay, PLC, Kimberly Lynn Dawahare, Lexington, KY, Counsel for Appellee, Jeff Sergent (Real Party in Interest).

Opinion of the Court by Chief Justice MINTON.

The Petition for Rehearing, filed by Appellee Jeff Sergent (Real Party in Interest), having been granted by the Court August 27, 2009; the additional briefing, ordered on the Court's own motion October 1, 2009, having been completed; the

case having been submitted to the Court for further review; and being otherwise fully and sufficiently advised;

The Court ORDERS that the Opinion of the Court by Justice Noble, rendered March 19, 2009, is WITHDRAWN; and the attached Opinion of the Court by Chief Justice Minton is RE–ISSUED in lieu thereof. The re-issued opinion affirms the judgment of the Court of Appeals denying the requested writ.

All sitting. All concur.

## I. *FACTS AND PROCEDURAL HISTORY.*

Jeff Sergent and other plaintiffs claiming to represent a putative class of 1,000 or more persons filed a wage-and-hour dispute in the Scott Circuit Court in 1999. The following year, the Scott Circuit Court granted Toyota Motor Manufacturing Kentucky's motion to dismiss the dispute based on *Early v. Campbell County Fiscal Court*,[1] which held that a circuit court did not have original jurisdiction to hear wage-and-hour disputes. Sergent alleges that he argued to the trial court that it did have jurisdiction over the wage-and-hour dispute. Sergent appealed the dismissal, the Court of Appeals affirmed, and this Court denied discretionary review in 2003. Ser-

gent then turned to the Kentucky Department of Labor to litigate the wage-and-hour dispute through the administrative process.

In 2005, while those administrative claims with the Department of Labor were ongoing, this Court decided that circuit courts did have original, parallel jurisdiction over wage-and-hour disputes in *Parts Depot, Inc. v. Beiswenger*.[2] About fourteen months later, Sergent returned to the Scott Circuit Court with a motion under Kentucky Rules of Civil Procedure (CR) 60.02(f)[3] seeking to reopen his wage-and-hour dispute with Toyota based upon the change in the interpretation of the law resulting from our holding in *Parts Depot*. The circuit court granted Sergent's motion, after which Toyota sought a writ of prohibition in the Court of Appeals. The Court of Appeals denied the writ, and Toyota appealed that denial to this Court.

While this writ appeal was pending in this Court, we rendered *Asset Acceptance, LLC v. Moberly*,[4] which held that an immediate appeal from a trial court's reopening a judgment under CR 60.02(f) was available where the trial court granted reopening under CR 60.02(f) when the motion appeared to be an untimely attempt to reopen under CR 60.02(a)-(c).[5] Toyota

---

1. 690 S.W.2d 398 (Ky.App.1985).

2. 170 S.W.3d 354 (Ky.2005).

3. CR 60.02(f) provides that: "On motion a court may, upon such terms as are just, relieve a party or his legal representative from its final judgment, order, or proceeding" upon "any other reason of an extraordinary nature" so long as the motion is "made within a reasonable time...."

4. 241 S.W.3d 329 (Ky.2007).

5. CR 60.02 provides:
   On motion a court may, upon such terms as are just, relieve a party or his legal representative from its final judgment, order, or

proceeding upon the following grounds: (a) mistake, inadvertence, surprise or excusable neglect; (b) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59.02; (c) perjury or falsified evidence; (d) fraud affecting the proceedings, other than perjury or falsified evidence; (e) the judgment is void, or has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (f) any other reason of an extraordinary nature justifying relief. The motion shall be made within a reasonable time, and on grounds

then attempted to file a direct appeal to the Court of Appeals under *Asset Acceptance*. We granted transfer of Toyota's *Asset Acceptance* appeal, which we then dismissed as untimely.

In March 2009, we rendered an opinion in the writ appeal that reversed the Court of Appeals and granted the writ Toyota sought.[6] In August 2009, we granted rehearing in the writ appeal. In October 2009, we ordered that the parties prepare supplemental briefs in the writ appeal concerning whether Toyota was entitled to relief under *Asset Acceptance*.

## II. *ANALYSIS.*

This Court has made clear that we are "loath to grant the extraordinary writs unless absolutely necessary" because "a writ bypasses the regular appellate process and requires significant interference with the lower courts' administration of justice.... Thus, to say that writ petitions should be reserved for extraordinary cases and are therefore discouraged is an understatement."[7] Toward that end, we have "articulated a strict standard to determine whether the remedy of a writ is available."[8]

■ We recognize two broad classes of cases in which a writ may be properly granted. The first is when a lower court "is proceeding or is about to proceed outside of its jurisdiction and there is no remedy through an application to an inter-mediate court...."[9] The second is when a "lower court is acting or is about to act erroneously, although within its jurisdiction, and there exists no adequate remedy by appeal or otherwise and great injustice and irreparable injury will result if the petition [for a writ] is not granted."[10] Under a special subclass of the second class of writ cases, a writ may issue even absent irreparable injury to the writ-petitioner if the lower court is acting erroneously and a supervisory court believes that "if it fails to act the administration of justice generally will suffer the great and irreparable injury."[11]

We conclude that this case does not meet the requirements for either class of cases for which a writ may properly issue, so we withdraw our former opinion and affirm the Court of Appeals' denial of the writ.

### A. *First Class of Writ Cases: Trial Court Had Jurisdiction.*

To determine if this is one of the first type of cases for which a writ could properly be granted, we must determine whether the trial court was proceeding outside its jurisdiction. Originally, we rendered an opinion in this case granting the writ. We did so in part because we found that the trial court lacked jurisdiction "[b]ecause CR 60.02(f) does not apply to the facts of this case...."[12] We posited that "a change in the law is not a sufficiently extraordinary circumstance to

(a), (b), and (c) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this rule does not affect the finality of a judgment or suspend its operation.

**6.** *Toyota Motor Mfg., Kentucky, Inc. v. Johnson,* No.2007–SC–000647–MR, 2009 WL 735835 (Ky. March 19, 2009).

**7.** *Cox v. Braden,* 266 S.W.3d 792, 795–96 (Ky. 2008).

**8.** *Id.* at 796.

**9.** *Hoskins v. Maricle,* 150 S.W.3d 1, 10 (Ky. 2004).

**10.** *Id.*

**11.** *Bender v. Eaton,* 343 S.W.2d 799, 801 (Ky. 1961).

**12.** 2009 WL 735835 at *1.

grant any relief under CR 60.02, except where the direst injustice would result otherwise." [13] And we concluded that "Sergent faces no such injustice." [14]

### 1. *Trial Court Had Jurisdiction to Rule on CR 60.02(f) Motion.*

■ We granted rehearing, and we now state clearly that any attempt on our part in our original opinion to suggest that a trial court lacked jurisdiction to rule on an otherwise properly filed CR 60.02(f) motion—a motion filed in a court having subject-matter jurisdiction and exercising personal jurisdiction over the parties to the action—was in error.

■ Generally speaking, a trial court would not lack jurisdiction to rule on an otherwise properly filed CR 60.02(f) motion. But we recognize that there are two circumstances in which the trial court would lack jurisdiction to grant relief upon a CR 60.02 motion. First, as to subsections (a) through (c) of CR 60.02, some authority would suggest that a trial court lacks jurisdiction to reopen a judgment under these subsections if a year or more has passed since entry of judgment.[15] Second, our opinion in *Asset Acceptance* suggests that the trial court would lack jurisdiction to reopen a judgment essentially on CR 60.02(a)-(c) grounds if the CR 60.02 motion was not filed within one year of the judgment even if the CR 60.02 motion were filed under the guise of a CR 60.02(f).[16]

---

**13.** *Id.* at *2.

**14.** *Id.*

**15.** *See Marcelli v. Walker*, 313 Fed.Appx. 839, 841 (6th Cir.2009) ("However, [a] motion under [federal] Rule 60(b) must be made within a reasonable time-and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of proceeding. Fed.R.Civ.P. 60(c)(1). The time limit, as it relates to motions under Rule 60(b)(1), (2), and (3), is jurisdictional. In this case, Marcelli filed his motion to reopen on June 10, 2008–sixteen months after the district court's final judgment on February 13, 2007. As Marcelli stated that his motion was based on "Mistakes; Inadvertence; Excusable Neglect" under Rule 60(b)(1) . . . we find Marcelli's Rule 60(b) motion untimely filed. Thus, the district court lacked jurisdiction to consider the motion, and it must be denied.") (case citations and internal quotation marks omitted). *But see Willis v. Jones*, 329 Fed.Appx. 7, 15 (6th Cir.2009) (questioning *Marcelli* on that point).

**16.** *See generally Asset Acceptance*, 241 S.W.3d at 333-34 (noting that federal courts have recognized an exception to general rule that only final judgments are immediately appealable which "permit[s] an immediate appeal from orders setting aside a judgment *when the trial court lacked jurisdiction to grant that relief*[,]*" referring to this exception as "[t]his so-called jurisdictional exception" and choosing to adopt this exception as: "Where a final judgment has been ordered reopened, where the disrupted judgment is more than a year old, and where the reason offered for setting it aside is allegedly an extraordinary circumstance under CR 60.02(f), permitting an immediate appeal helps to maintain the important balance between, on the one hand, the equitable insistence on justice at all costs and, on the other, the equally vital insistence that litigation must at some point conclude and reasonable expectations founded upon long-established final judgments must not lightly be overturned. This is the balance that the limitations provisions of CR 60.02 attempt to strike, and we agree with Asset that when that balance is threatened by the trial court's alleged disregard of those provisions, an immediate appeal is appropriate.") (emphasis added; internal quotation marks omitted)).

*See also id.* at 334-35:

In sum, we agree with Asset that in the narrow circumstances presented by this case, an order setting aside a judgment more than a year old pursuant to the 'reason of an extraordinary nature' provision of CR 60.02(f) is subject to immediate appellate review to ensure that CR 60.02(f) has not been invoked to, in effect, evade the one-year limitations period CR 60.02 imposes on claims appropriately regarded as falling under CR 60.02(a), (b), or (c).

In *Asset Acceptance,* the untimely CR 60.02 motion, filed two years after entry of default judgment, was purportedly based on CR 60.02(f). But the party opposing reopening argued that the motion was actually grounded on excusable neglect under CR 60.02(a). The party seeking reopening alleged that she was unaware of the default judgment, despite receiving notice, and was incapable of managing her own affairs for some time because of substance abuse rehabilitation.[17] Leaving unresolved the issue of whether the CR 60.02 motion had actually been filed on the basis of CR 60.02(a) grounds of excusable neglect, we vacated the Court of Appeals' dismissal of the appeal of the reopening and remanded "for consideration of Asset's contention that Moberly's 60.02 motion was barred by limitations and therefore outside the trial court's authority to grant."[18] We instructed the Court of Appeals that:

> If the Court determines that Moberly's motion stated "a reason of an extraordinary nature" rather than mistake, excusable neglect or one of the more common grounds for relief, the availability of which was barred by the one-year limitation period in CR 60.02, then the appropriate course would be again to dismiss the appeal.[19]

Toyota contends that it is entitled to a writ because *Asset Acceptance* shows that the trial court did not have jurisdiction to grant reopening under CR 60.02(f). Sergent distinguishes *Asset Acceptance* by asserting that his CR 60.02(f) motion was not a disguised CR 60.02(a)-(c) motion because his motion was not premised on any grounds covered by subsections (a), (b), or (c) of CR 60.02, such as perjury, fraud, newly discovered evidence, excusable neglect, or mistake. Toyota contends that Sergent's purported CR 60.02(f) motion is a disguised CR 60.02(a) motion premised on mistake, noting that the trial court itself had found that the law had not really changed but instead had been misinterpreted. Sergent argues that he did not seek reopening nor did the trial court grant it on the basis of mistake—of law or otherwise. Sergent asserts that he sought reopening and the trial court properly granted it because the change of law constituted extraordinary circumstances.

We agree with Sergent. Although we have frequently held that a change in the law, by itself, was not sufficient to create extraordinary circumstances warranting relief under CR 60.02(f),[20] we are not aware of any reported cases holding that such a motion seeking CR 60.02(f) relief was in essence actually a motion seeking relief for mistake under CR 60.02(a). In fact, we recently rejected a criminal appellant's attempt to argue that a change in law necessitated the grant of CR 60.02 relief to correct a mistake of law, instead noting that the common-law writ of coram nobis, which CR 60.02 essentially replaced, existed in the law for the purpose of correcting mistakes of fact, not mistakes of law.[21]

---

17. 241 S.W.3d at 331. *See also* CR 60.02, which provides, in pertinent part, that "[t]he motion shall be made within a reasonable time, and on grounds (a), (b), and (c) not more than one year after the judgment, order, or proceeding was entered or taken."

18. *Asset Acceptance,* 241 S.W.3d at 335.

19. *Id.*

20. *See, e.g., Bishir v. Bishir,* 698 S.W.2d 823, 826 (Ky.1985).

21. *Leonard v. Commonwealth,* 279 S.W.3d 151, 161–62 (Ky.2009) ("He first argues that the purpose of CR 60.02, under which the motion giving rise to this appeal was filed, is to allow a court to correct a mistake.... As Appellant correctly notes, CR 60.02 replaced the common law writ of coram nobis. That

The trial court's dismissal of Sergent's wage-and-hour dispute could not reasonably be termed a mistake because at the time of entry the trial court's ruling comported with the prevailing construction of the law that wage-and-hour claims had to be brought first in administrative proceedings. And the Court of Appeals affirmed the trial court's dismissal; we denied discretionary review.

Sergent neither directly nor ostensibly alleged a mistake when seeking reopening under CR 60.02(f). In fact, by stating in the order granting this motion that the law had not really changed but had been misinterpreted, the trial court echoed our conclusion in *Parts Depot* that *Early* had misconstrued the governing statutes.[22] And some Kentucky cases generally state that it is inappropriate to grant relief under CR 60.02(a) on the basis of judicial mistake.[23]

Because Sergent's CR 60.02 motion could not reasonably be construed as premised on a mistake by the trial court in originally dismissing the action, the trial court did not lose jurisdiction to rule on the motion solely by reason that the CR 60.02 motion was filed more than a year after the original judgment of dismissal. In short, since Sergent's motion was properly brought under CR 60.02(f), the strict one-year time limitation set forth for actions brought under CR 60.02(a)-(c) was inapplicable. So the trial court had the jurisdiction to rule upon the merits of Sergent's motion.

Having determined that, in the present case, the trial court did not lack jurisdiction to consider the CR 60.02 motion, we note that, in the future, the availability of an immediate appeal under *Asset Acceptance* will mean that a remedy exists by application to an appellate court when a trial court improperly reopens a case under CR 60.02(f) when the case actually involves an untimely CR 60.02(a)-(c) motion and, thus, will preclude the availability of writs in such cases.

## 2. *Law of the Case Bar to Jurisdiction Rejected.*

Toyota raised in the Court of Appeals an argument that the law of the case doctrine prevented the trial court from exercising jurisdiction to rule on or

writ, however, was aimed at correcting factual errors, not legal errors. Appellant is not seeking remediation of a factual error; rather, he is seeking to correct the legal decision that his ineffective assistance claims were procedurally barred, a decision that was correct under the case law in existence at the time.") (citation omitted).

**22.** *See Parts Depot*, 170 S.W.3d at 361–62, overruling *Early* and *Noel v. Season–Sash, Inc.*, 722 S.W.2d 901 (Ky.App.1986) ("We conclude that both *Early* and *Noel* misconstrued the effect of the statutory scheme.").

**23.** *McMillen v. Commonwealth*, 717 S.W.2d 508, 509 (Ky.App.1986) ("The court below added the language to the conditional discharge order on the authority of CR 60.02(a). That rule provides for relief from a final judgment on the grounds of mistake, inadvertence, surprise, or excusable neglect. The trial court stated that he would have used the added language in the initial order had it occurred to him that appellant would refuse treatment in order to get discharged. However, it has been held that relief under CR 60.02 is not available for judicial errors or mistakes. Thus, CR 60.02 did not give authority for the trial court's actions.") (citations omitted). *See also James v. Hillerich & Bradsby, Inc.*, 299 S.W.2d 92, 93 (Ky.1956) ("Although CR 60.02 provides authority for reopening or vacating a judgment after 10 days, this Rule is not available for correction of an error or mistake of law by the court."); *Roberts v. Osborne*, 339 S.W.2d 442, 443 (Ky.1960), citing *James* ("The asserted error of the judge in signing the July 1 order [dismissing action] was a judicial error and not a clerical one. He had no jurisdiction on September 9 to correct the error (CR 60.02 not being applicable.)").

grant CR 60.02 relief.[24] Toyota asserted that the original decision of the trial court dismissing Sergent's action for lack of jurisdiction to hear the dispute—a decision that was not disturbed by the appellate courts—operated to block jurisdiction to consider CR 60.02(f) relief by operation of the law of the case. We disagree. We believe that a trial court's jurisdiction to determine whether extraordinary circumstances merit relief from a judgment includes jurisdiction to determine whether extraordinary circumstances also merit application of one of the exceptions to the law of the case doctrine.

Toyota cites *Kentucky Board of Medical Licensure v. Ryan,*[25] as suggesting that the trial court would lack jurisdiction to rule on a CR 60.02 motion under the law of the case doctrine. The holding in that case is inapt. Although the Medical Licensure Board argued that the trial court erroneously ignored the law of the case and lacked jurisdiction to order it to conduct a CR 60.02 hearing,[26] we simply held that a trial court did not have jurisdiction to order the Board to hear a CR 60.02 motion because such motions could only properly be filed in courts and not before an administrative agency such as the Board. Our opinion did not suggest that application of the law of the case doctrine would preclude a court from having jurisdiction to hear a CR 60.02 motion.[27] Furthermore, to the extent that the Court of Appeals' unpublished opinion in *Davis–Johnson ex rel. Davis v. Parmelee*[28] holds that law of the case would deprive a trial court of jurisdiction to rule on a CR 60.02(f) motion, including the question of whether extraordinary circumstances mer-

it an exception from the law of the case doctrine, it is hereby overruled.

■ In short, we conclude that the law of the case doctrine does not invariably deprive a trial court of jurisdiction to reconsider under CR 60.02(f) an issue already decided if the law upon which the original decision was based—including a controlling appellate opinion—has materially changed.

**B.** *Second Class of Writ Cases: No Irreparable Injury Shown.*

■ Having determined that the trial court was not acting outside its jurisdiction in ruling on Sergent's CR 60.02(f) motion, we must now determine whether this case meets the requirements for the second class of cases in which writs may properly be granted: those cases in which the trial court was acting erroneously within its jurisdiction and irreparable injury to a party or to the justice system will result for which there is no adequate remedy by appeal.

■ We note that a trial court's ruling on a CR 60.02(f) motion is reviewed for an abuse of discretion. We further note that Kentucky precedent holds that usually a change in the law does not constitute an extraordinary reason meriting relief under CR 60.02(f). Nonetheless, we need not reach the merits of whether the trial court erred in concluding that the change in the law here constituted extraordinary reasons or circumstances justifying relief under CR 60.02(f) or in concluding that the CR 60.02(f) motion here was filed within a

24. Toyota does not refute Sergent's assertion that Toyota did not make this law of the case argument in the trial court.

25. 151 S.W.3d 778 (Ky.2004).

26. *See id.* at 779.

27. *See id.* at 780.

28. No.2003–CA–000848–MR, 2004 WL 1093039 (Ky.App. May 14, 2004).

reasonable time.[29] Even assuming solely for the sake of argument that the trial court did act erroneously within its jurisdiction, relief by writ is still not available unless Toyota can show that absent a writ, either Toyota will suffer an irreparable injury that cannot be remedied on appeal,[30] or the orderly administration of justice itself would suffer an irreparable injury.[31]

■ As we have made clear, "[i]nconvenience, expense, annoyance, and other undesirable aspects of litigation" are insufficient to constitute irreparable injury.[32] Rather, the injury "should be of a ruinous or grievous nature...."[33] We conclude that Toyota would not suffer such a ruinous injury if the writ is not granted. Toyota is already defending this action or one very similar to it in the administrative proceeding. The fact that Sergent may seek a greater recovery in a judicial proceeding—attorney fees and liquidated damages—than he would in an administrative proceeding is not such an egregious, irreparable harm to justify a writ. After all, Sergent should have been entitled to proceed in circuit court all along and was forced to pursue administrative relief because of the now-discarded holding of *Early.*

The orderly administration of justice will not be irreparably harmed if the writ is not granted. That type of "rare exception [ ]" to the general rule that a petitioner must suffer an irreparable injury in order to be entitled to a writ "tend[s] to be limited to situations where the action for which the writ is sought would violate the law...."[34] But the reopening here would not violate the law or result in great injustice even in the face of the argument that the trial court's reopening several years after the original dismissal of the court action impinges on the principle of recognizing the finality of judgments. Despite the benefits of finality to parties and to the judicial system in general, CR 60.02(f) recognizes that occasionally "extraordinary circumstances" merit the reopening of final judgments to allow a party to have a fair opportunity to present a claim on the merits in court especially where doing so would not be inequitable to the other party.[35] Here, it is possible that the system of justice will actually benefit from permitting Sergent's claims to be heard on the merits in the trial court when these claims were originally dismissed based upon an erroneous and abandoned misreading of the law. Since the administrative proceeding had not yet come to a conclusion, we do not believe it would be inequitable for

**29.** Though we have explained that the law of the case doctrine did not deprive the trial court of jurisdiction to rule on Sergent's CR 60.02 motion, we conclude that no irreparable injury occurred even assuming for the sake of argument that the trial court erred in reopening in light of this doctrine or election of remedies.

**30.** *Hoskins,* 150 S.W.3d at 10.

**31.** *Bender,* 343 S.W.2d at 801.

**32.** *Fritsch v. Caudill,* 146 S.W.3d 926, 930 (Ky.2004).

**33.** *Radford v. Lovelace,* 212 S.W.3d 72, 78 (Ky.2006), *overruled on other grounds by Car-*

*dine v. Commonwealth,* 283 S.W.3d 641, 646–47 (Ky.2009).

**34.** *Grange Mut. Ins. Co. v. Trude,* 151 S.W.3d 803, 808 (Ky.2004).

**35.** *See Bethlehem Minerals Co. v. Church and Mullins Corp.,* 887 S.W.2d 327, 329 (Ky. 1994), *citing Fortney v. Mahan,* 302 S.W.2d 842 (Ky.1957) (stating that in ruling on CR 60.02 motion, trial court should consider two factors: "(1) whether the moving party had a fair opportunity to present his claim at the trial on the merits and (2) whether the granting of CR 60.02(f) relief would be inequitable to other parties.").

Toyota to face a trial in the circuit court especially since discovery obtained in the administrative forum could presumably be useful in the circuit court proceedings.

Neither Toyota nor our system of justice will be irreparably harmed if we decline to issue a writ. Therefore, it is not "absolutely necessary" for us to grant a writ to Toyota.[36] In other words, the facts of this case are not so "extraordinary"[37] as to make it "absolutely necessary"[38] for us to issue a writ in order to protect Toyota against a lawsuit Sergent should have been permitted to maintain in the first place. Nor does the trial court's granting CR 60.02(f) relief fourteen months after a significant change in the law call our system of justice into disrepute. Accordingly, we affirm the judgment of the Court of Appeals and deny the writ.

## III. *CONCLUSION.*

For the foregoing reasons, the judgment of the Court of Appeals to deny the writ is affirmed.

All sitting. CUNNINGHAM, SCHRODER, and VENTERS, JJ., concur. ABRAMSON, J., concurs by separate opinion in which MINTON, C.J., joins. NOBLE, J., dissents by separate opinion in which SCOTT, J., joins.

## ABRAMSON, J., Concurring.

I concur with the majority but acknowledge the dissent's salient point regarding the finality of judgments. I write separately to emphasize that I view today's opinion as quite narrow in scope. Simply put, I do not believe that we are opening the floodgates to the unsettling of longstanding final judgments because this case presents an instance of truly extraordinary circumstances, indeed one unlikely to recur often if ever again. The final judgment at issue is not an adjudication on the merits but rather a threshold final judgment, dismissing a case for lack of jurisdiction based on an appellate decision which, unfortunately, misinterpreted a statute that provided for original jurisdiction in the circuit court. While the plaintiffs' wage-and-hour claims were still pending administratively (a factor of considerable significance in my analysis), the erroneous interpretation of the statute was corrected by this Court in *Parts Depot v. Beiswenger, supra,* giving full recognition to the right that had existed all along statutorily. This unique scenario provided grounds for a CR 60.02(f) motion in the circuit court and, because the circumstances are so clearly extraordinary, our denial of a writ presents no real threat to the finality of judgments generally.

MINTON, C.J., joins this concurring opinion.

## NOBLE, J., Dissenting.

This case is over ten years old. The action was filed in Scott Circuit Court in August 1999. On November 22, 2000, the trial court entered summary judgment in favor of Toyota, applying *Early v. Campbell County Fiscal Court,* 690 S.W.2d 398 (Ky.App.1985), to the effect that the Appellees herein were required to proceed administratively on their wage and hour claim before the circuit court could review it. Appellees appealed to the Court of Appeals, which affirmed the trial court, and this Court denied discretionary review on February 12, 2003. The circuit court's dismissal of the case became final on that date. CR 76.30.

---

**36.** *Cox,* 266 S.W.3d at 795.

**37.** *Id.*

**38.** *Id.*

Then, in 2005, this Court reversed the longstanding precedent of *Early* in *Parts Depot, Inc. v. Beiswenger,* 170 S.W.3d 354 (Ky.2005), holding that circuit courts have parallel jurisdiction with the administrative agencies, and that the claimant could elect how to proceed.

The extraordinary circumstances Appellees complain of are that they were deprived of their choice of forum and compelled to proceed administratively. Unless this Court is prepared to say that the preference for proceeding in circuit court rather than through an administrative proceeding is so fundamental as to come under the aegis of due process of law, then I have difficulty finding extraordinary grounds for relief under CR 60.02(f). The Appellees were not denied due process. The administrative proceeding provides a sufficient forum and ample opportunity for the Appellees to vindicate any interests or rights they might have. They should at the very least be required to show how they are harmed if they are to be given relief from a final judgment. They have not done so.

In August 2009, this Court considered a motion for rehearing based on an Opinion entered by a vote of 5–2 in March of 2009. In that Opinion, we held that the Scott Circuit Court did not have jurisdiction to hear the CR 60.02 motion filed in this action. On review, I agreed with the rest of the Court that the Opinion was overbroad in stating that the trial court did not have jurisdiction to hear a CR 60.02 motion. Generally speaking, a trial court does have subject matter jurisdiction to hear CR 60.02 motions. However, a trial court does not have jurisdiction to proceed on a CR 60.02 motion based on grounds subsections (a) to (c) in the rule after one year has expired or on (f) for "extraordinary reasons" when the claim is a mere subterfuge for an untimely motion in reali-

ty based on grounds in (a) to (c). *See Asset Acceptance, LLC v. Moberly,* 241 S.W.3d 329 (Ky.2007).

Also, even with jurisdiction, a trial court can be prevented from proceeding by issuance of a writ based on the "certain special cases" category adopted in *Bender v. Eaton,* 343 S.W.2d 799 (Ky.1961), later approved by this Court in *Hoskins v. Maricle,* 150 S.W.3d 1, 3 (Ky.2004). This comes through a "Class 2" writ, where a trial court has jurisdiction, but is proceeding erroneously. Ordinarily, a petitioner must show that he has no adequate remedy by appeal and will suffer great and irreparable harm to obtain such a writ, but the "certain special cases" category allows an exception to the second requirement where the error will cause a substantial miscarriage of justice, and correction of the error is "necessary and appropriate in the interest of orderly judicial administration." *Bender,* 343 S.W.2d at 801; *see also Hoskins,* 150 S.W.3d at 20.

Thus, to determine if a court, within its jurisdiction, should be subject to a "special cases" writ, an appellate court must determine three things: the lower court is acting erroneously, there is no adequate remedy by appeal, and the orderly administration of justice will be adversely affected by the substantial miscarriage of justice. In reviewing such a writ, the court necessarily must review whether the trial court is indeed acting erroneously as part of the analysis for the special cases writ.

I believe the trial court was acting within his jurisdiction but was doing so very erroneously. The judge found that there were extraordinary reasons to set aside a *six year old* final judgment because interpretation of the law had changed. In doing so, he at least implicitly found that proceeding in circuit court was superior to proceeding in an administrative tribunal. That administrative proceeding was then

ongoing. He elevated the right to choose a forum, which is granted by the legislature and not an inherent right, to at least the level of, if not a greater height than, due process.

But the mere fact that it was "unfair" that Appellees did not get to choose a forum cannot be more important than the ability to rely on the finality of judgments. "The principle of *res judicata* or finality of judgments is central to our legal system." *Bolin v. T & T Mining*, 231 S.W.3d 130, 133 (Ky.2007); *see also Baze v. Commonwealth*, 276 S.W.3d 761, 768 (Ky.2008) ("Our interest in the finality of judgments ... is axiomatic"). That principle can only be overcome in extraordinary circumstances. *See, e.g., Bishir v. Bishir*, 698 S.W.2d 823, 826 (Ky.1985) ("The strong and sensible policy of the law in favor of the finality of judgments has historically been overcome only in the presence of the most compelling equities."). Allowing the resurrection of long final cases "would create endless possibilities for frivolous claims that would wreak havoc upon the finality of judgments," *Bowling v. Commonwealth*, 168 S.W.3d 2, 11 (Ky.2004), rendering the principle all but meaningless. Unless the denial of Appellees' choice of forum was so "unfair" as to rise to the level of a due process violation—which it certainly did not—the interest in finality of the judgment, especially after six years, must carry the day.

Having concluded that the trial court was acting erroneously, can it be said that Toyota does not have an adequate remedy by appeal? In this instance, I do not think it does. Having relied on the final judgment, and proceeded in another forum in good faith, reopening the final judgment in this case does more harm than cause mere general inconvenience. If nothing else, the doctrine of equitable laches should apply to a judgment that was six years old when the trial court attempted to reopen it. And, like every other person and business in the Commonwealth, Toyota is entitled to the orderly administration of justice, which we cannot have if final judgments can be set aside simply because one of the litigants received an undesirable outcome. There is no adequate remedy for lost time and the nullification of six years of reliance on the finality of a judgment. Where is the concern for fairness to Toyota?

If all that is necessary to set aside a six-year-old final judgment is a change in the law, then there can be no doubt that the orderly administration of justice will be irreparably harmed. As the majority candidly admits, this Court does not usually alter final judgments because the law changes. Yet the circuit court's whimsical approach in this case (and this Court's acquiescence to it) does harm to repose, and to the law of the case doctrine.

The majority says that a trial court's jurisdiction to hear a CR 60.02 motion allows the court to apply one of the exceptions to the law of the case doctrine, but does not say which one, unless it is the same "extraordinary circumstances" that serve as the basis of the motion. There is nothing so extraordinary about this case that would set it apart from countless other cases where a subsequent change in the law affects the final judgment. Such a circumstance could be envisioned if a change in the law affected a litigant's freedom, or his life, or appropriate medical treatment, or removal from an injurious environment, for example, but I fail to see how being unable to choose a forum rises to that level. Appellees were not denied any fundamental right by operation of law of the case.

I particularly cannot agree with the following language in the majority opinion:

In short, we conclude that the law of the case doctrine does not invariably deprive a trial court of jurisdiction to consider under CR 60.02(f) an issue already decided if the law upon which the original decision was based—including a controlling appellate opinion—has materially changed.

This statement clearly invites a CR 60.02 motion for every change in the law in the future against judgments, no matter how old. I cannot imagine anything that would wreak more havoc on the orderly administration of justice. Obviously, I believe that Toyota is entitled to a special cases writ.

And, to clarify, I do not think that the holding in *Asset Acceptance* prevents issuance of a special cases writ. If there was no mistake, and that is not the actual basis for the CR 60.02(f) motion, then Toyota would not be entitled to an *Asset Acceptance* appeal. However, that would not preclude the need for consideration of a special cases writ. Consequently, by no means does the holding in *Asset Acceptance* relieve this Court of the necessity to hear a writ case on a CR 60.02 motion.

I believe that the majority view will endanger the orderly administration of justice, in particular, the application of finality to cases. I cannot agree with the majority's assumption that going forward in this case in circuit court at this late date would actually *benefit* the progression of law in this state. To the contrary, there is nothing unique or unusual in these wage and hour claims beyond routine operation of law. Similarly, the claim that allowing the Appellees' cases to proceed furthers justice by giving them access to court mistakenly assumes that they would otherwise have no access to a remedy. Yet it is clear that the Appellees had, and have, a forum other than the circuit court to address these claims.

I would therefore reverse the Court of Appeals, and order the issuance of the writ prohibiting reopening of this case at this late date.

SCOTT, J., joins this dissenting opinion.