Michael KEITH, Appellant,

v.

COMMONWEALTH of
Kentucky, Appellee.

Court of Appeals of Kentucky.

April 12, 1985.

Discretionary Review Denied and Opinion
Ordered Published by Supreme Court
June 4, 1985.

Christopher P. Rivers, Appellate Public Advocate, Louisville, for appellant.

David L. Armstrong, Atty. Gen., Susan Guss, Asst. Atty. Gen., Frankfort, for appellee.

Before COMBS, McDONALD and WILHOIT, JJ.

McDONALD, Judge:

This is an appeal from the order of the Perry Circuit Court revoking the appellant's probation and sentencing him to serve eight years in the state reformatory. In March, 1983, Michael Keith, the appellant, was indicted and charged with the attempted murder of a female companion and the theft of her automobile. Keith had a history of hospitalization for mental illness, attempted suicide and alcohol-related problems. He was found competent to stand trial and on September 21, 1983, entered a plea of guilty to second-degree assault. The theft charge was dismissed.

Upon the Commonwealth's recommendation, the trial court sentenced the appellant to eight years, probated for three years on the following conditions: 1) that he not commit another offense; 2) that he avoid "disreputable" persons and places; 3) that he voluntarily commit himself to Eastern State Hospital "for a term of treatment to be so long as the hospital authorities believes that he needs to stay and receive treatment;" and 4) that upon his release from the hospital he report to the Division of Probation and Parole in Hazard, Kentucky. It is clear from the record that the court, the parties and their attorneys anticipated that Keith would be hospitalized for several months.

In conformance with the sentence and order of probation, Keith presented himself to Eastern State Hospital. He was evaluated upon arrival by Dr. Hawthorne, the admitting psychiatrist, who determined that hospitalization was not appropriate for Keith at that time and recommended that Keith continue with chemotherapy and outpatient psychiatric treatment at his local comprehensive care center. Keith thus spent a total of two or three hours at the hospital. He immediately informed his attorney that he had been denied admittance to Eastern State and was advised by the attorney to wait until everything was "straightened out" about the hospitalization before reporting to his probation officer.

Thereafter, on January 1, 1984, the Commonwealth moved the trial court to require the appellant to "show compliance with the terms of the final sentence and judgment of probation." As grounds for the motion the appellee stated it was its belief that Keith had not complied with the condition that he admit himself to Eastern State Hospital. The matter was set for a hearing on January 25, 1984, but the appellant was too ill to attend although his attorney was present. A transcript of the preliminary arguments heard that day entitled "Hearing on the Commonwealth's Motion for Revocation of Defendant's Probation" was served on appellant's attorney on January 31, 1984. The court continued the matter until February 9, 1984, and also stated that, "I think we need the Probation and Parole officer here to see whether or not he has reported to him ...."

At the hearing on February 9, the probation officer informed the court that Keith had not reported to him until the day before the hearing. A psychologist from Kentucky River Community Care, the local mental health center in Hazard, testified that the appellant had been attending weekly treatment sessions and was, in her opinion, working hard to understand and overcome his problems.

The trial court found that Keith did not "commit" himself to the hospital but merely presented himself for "evaluation." In this regard the trial court observed that "several people," including Keith's parents,

could have filed a petition seeking the appellant's involuntary commitment to the hospital. Finally, the court found that Keith violated the condition that he report to the probation officer. The court revoked Keith's probation and ordered him to be placed into custody at the Luther Luckett Correctional Complex where he currently remains.

On appeal, Keith has raised three issues for our review as follows: 1) that the Commonwealth failed to provide the requisite notice of the hearing, the reasons therefor and the alleged probation violations; 2) that there was no evidence that he failed to comply with the conditions of probation; and 3) that the court failed to enter written findings upon which it relied in revoking his probation.

■ Having reviewed the entire record we find that there is no evidence that the appellant violated any of the conditions of the probation imposed during the original sentencing. While it is clear that Dr. Hawthorne's prescribed outpatient treatment did not meet with either the trial court's or the Commonwealth's expectations, it is equally clear that Keith did everything he possibly could to comply with the requirement that he admit himself to the mental hospital. Further, it is uncontroverted that he fully complied with Dr. Hawthorne's recommendation for outpatient treatment. As he was not armed with a court order, he could not require Eastern State to admit him as a patient. The Commonwealth's argument that Keith could have been "creative" and found some way to get himself committed is patently absurd. It is equally ridiculous that Keith's parents should have tried to get him involuntarily committed in order for him to satisfactorily comply with the order.

■ Likewise, the record is devoid of any evidence that the appellant failed to report to the probation office for any reason except his good faith reliance on his attorney's advice that such was not required until the hospitalization issue was resolved. While this may not have been the best advice the appellant could have

gotten, the record clearly indicates that the appellant made every reasonable effort to comply with the conditions imposed upon him in this regard. There being no evidence to support the court's finding of a breach of the conditions of probation, the court's decision to revoke appellant's status was totally arbitrary. The Commonwealth's argument that such a decision is purely discretionary is not applicable as "[t]his discretionary aspect of the revocation decision need not be reached unless there is first an appropriate determination that the individual has in fact breached the conditions of parole." *Morrissey v. Brewer*, 408 U.S. 471, 483, 92 S.Ct. 2593, 2601, 33 L.Ed.2d 484 (1972).

■ A mental hospital should not be used by the court as a substitute for a prison. Indeed, the decision to place a defendant on probation under any conditions "reflects a determination by the sentencing court that the state's penological interests do not require imprisonment." *Bearden v. Georgia*, 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983). None of the parties to the sentencing hereto were qualified to know whether the appellant either needed further inpatient treatment or, if he did, how long such treatment would last. If the appellee and the court were of the opinion that Keith was a danger to society and were not truly content to let the experts at Eastern State determine how long Keith needed to stay and receive treatment, the order of probation providing for such should never have been entered in the first instance. However, having conferred that status on the appellant it is fundamentally unfair to deprive him of his liberty for reasons beyond the appellant's control, that is, because the hospital's admitting physician did not believe he needed the treatment anticipated by the court. *See Bearden v. Georgia, supra.*

It is our opinion, therefore, that the order revoking the appellant's probation be vacated and the trial court is hereby directed to enter an order to secure the appellant's release from custody and to reinstate him to his probationary status.

In light of our decision on the merits of this matter, the issues raised by the appellant pertaining to the procedural defects are moot. However, we mention, for the benefit of the appellee, that it is not sufficient to serve notice of a hearing to terminate a sentence of probation upon a probationer's attorney. K.R.S. 533.-050(1)(a) and (b) specifically set out the manner in which notice must be conferred upon a defendant. *See also Lynch v. Commonwealth,* Ky.App., 610 S.W.2d 902 (1981), and *Gagnon v. Scarpelli,* 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973).

The matter is hereby remanded to the Perry Circuit Court for further proceedings not inconsistent with this opinion.

All concur.