**Jeffrey L. WYATT, Appellant**

v.

**COMMONWEALTH of Kentucky, Appellee.**

No. 2011–CA–001446–DG.

Court of Appeals of Kentucky.

Nov. 30, 2012.

Jeremy Ian Smith, Paducah, KY, for appellant.

Jack Conway, Attorney General of Kentucky, David B. Wrinkle, Assistant County Attorney, Paducah, KY, for appellee.

Before CLAYTON, KELLER, and MAZE, Judges.

CLAYTON, Judge:

Jeffrey L. Wyatt was granted discretionary review of a McCracken Circuit Court order affirming the revocation of his conditional discharge. Wyatt argues that the revocation was improper because he was not provided with the written conditions of his discharge as required under Kentucky Revised Statutes (KRS) 533.030(5).

KRS 533.030(5) provides that "[w]hen a defendant is sentenced to probation or conditional discharge, he shall be given a written statement explicitly setting forth the conditions under which he is being released."

On January 4, 2011, Wyatt entered a plea of guilty to fourth-degree assault (domestic violence) in the McCracken District Court. He was sentenced to 120 days in jail, conditionally discharged for a period of two years. At the sentencing hearing, the district court reviewed Wyatt's criminal history, including two previous charges of fourth-degree assault (one of which was dismissed and the other amended to a charge of harassing communications) and warned Wyatt that "the next time you push people, you're going to jail." The docket sheet listed the following conditions: no further offenses; domestic violence assessment and course; no contact with the victim; and payment of fines/fees/costs. Wyatt and his attorney were not provided with a copy of the docket sheet or any other written document setting forth the conditions governing the discharge.

On March 16, 2011, the Commonwealth filed a motion to revoke the conditional discharge after Wyatt was charged with fourth-degree assault. At the revocation hearing, Wyatt argued that his discharge should not be revoked because he was never provided with a written statement setting forth the conditions under which he was being released, as required under KRS 533.030(5). He also stated that he was unaware that an arrest without a conviction was sufficient grounds for revocation. The district court revoked the conditional discharge. Wyatt appealed to the McCracken Circuit Court, which affirmed the order of revocation. This Court granted Wyatt's petition for discretionary review.

Although there are no published opinions directly on point, both Wyatt and the Commonwealth rely on *Whitlow v. Commonwealth*, 2003 WL 21949135 (Ky.App. 2003) (2002–CA–000683–MR), in which this Court ruled that written notice was not necessary if there was actual notice of the

terms of probation. The opinion states in pertinent part:

> We believe that Subsection (5) was intended to avoid prejudice to a defendant concerning the terms of probation due to lack of notice and does not create a standard which would prohibit revocation of probation for failure to furnish a written statement of conditions where the defendant has actual notice. KRS 533.030 does not contain a remedy or penalty for violation of Subsection (5). However, given the policy and purpose of KRS 533.030, we hold that a defendant may have his sentence of probation revoked for commission of a criminal offense during his term of probation even if he did not receive a written statement of the conditions of probation.

*Id.* at *3 (footnote omitted).

In addition to the fact that *Whitlow* is not binding precedent, the circumstances of the case are significantly distinguishable from Wyatt's. Whitlow's probation was revoked for an actual misdemeanor conviction, not simply an arrest. "It is undisputed that during the term of Whitlow's probation for the burglary conviction, he both committed and was convicted of the offense of promoting contraband in the second degree." *Id.* at *4. Moreover, unlike Wyatt, Whitlow never claimed that he did not receive actual notice of the probation conditions orally at the time of sentencing.

▌ The Commonwealth has attached to its appellee's brief a copy of a document styled "Order of Probation/Conditional Discharge" from the Community Resource Oriented Supervision Services. It purports to be signed by Wyatt and describes the conditions of his discharge. This document is not part of the record below. The insertion of the order is an "improper attempt to introduce evidence outside the record[ s]ince our review is limited to the pleadings and evidence considered by the

circuit court[.]" *White v. White,* 883 S.W.2d 502, 505 (Ky.App.1994). Moreover, the order is dated March 3, 2011, almost two months after the sentencing hearing at which the KRS 533.030(5) mandates that notice be provided.

Because there is simply no evidence that actual notice of the conditions, written or oral, was given to Wyatt at the time of his sentencing, we reverse the order of the McCracken District Court revoking his conditional discharge.

ALL CONCUR.