Ronald FLAUGHER, Appellant

v.

COMMONWEALTH of Kentucky, Appellee

NO. 2015–CA–001637–MR

Court of Appeals of Kentucky.

JANUARY 13, 2017; 10:00 A.M.

Discretionary Review Denied by Supreme Court September 20, 2017

BRIEF FOR APPELLANT: Brandon Neil Jewell, Frankfort, Kentucky

BRIEF FOR APPELLEE: Andy Beshear, Attorney General of Kentucky, John Paul Varo, Assistant Attorney General, Frankfort, Kentucky

BEFORE: KRAMER, CHIEF JUDGE; COMBS AND JONES, JUDGES.

## OPINION

KRAMER, CHIEF JUDGE:

Ronald Flaugher brings this appeal from the Mason Circuit Court's order revoking his shock probation. He argues that the trial court erred because it revoked his probation even though he was not notified of his conditions of probation. He also argues that the trial court abused its discretion under Kentucky Revised Statute (KRS) 439.3106 when it revoked his probation after he absconded from supervision. After a careful review of the record and the applicable law, we vacate the revocation of Flaugher's shock probation because he was never provided written notice of the conditions of his probation.

### Relevant Facts

In July 2006, Flaugher pled guilty to wanton endangerment in the first degree, fleeing or evading police in the first degree, violating the registration requirements for sex offenders, reckless driving and the failure to maintain required insurance. The trial court sentenced Flaugher to five-years' imprisonment.

Flaugher, through counsel, filed a motion for shock probation. Counsel informed the court that if the motion was granted, Flaugher would be released to Ohio to serve out the remainder of a prison sentence there. Flaugher was not present at that hearing because he was incarcerated. Flaugher's counsel also stated that when he was released from prison in Ohio, she believed that he would continue to reside in Ohio. The probation and parole officer in attendance stated to Flaugher's counsel that Flaugher would need to contact a probation officer in Kentucky after his release in order to transfer his supervision to Ohio. Flaugher's counsel stated that she would inform Flaugher about that requirement.

The trial court granted the motion and placed Flaugher on probation for five years. The order granting probation included the condition that Flaugher was required to register for probation. Though the order listed that a copy of it should be sent to Flaugher's defense counsel, Flaugher himself was not included on the order's distribution list.

A warrant was issued for Flaugher's arrest due to Flaugher's failure to report. On October 1, 2015, a revocation hearing was held over the matter. Probation Officer Nathanial Schneider testified that Flaugher had been released to a "holder" in Ohio after he was released on shock

probation. He also stated that Flaugher had been told to report to a probation office in Kentucky upon his release but that Flaugher had failed to do so.

Flaugher testified that he arrived at the Ohio Department of Corrections after he was granted shock probation. He testified that he was paroled in Ohio in 2007 and that his parole was transferred to Tennessee. He successfully completed parole in 2008. Though he acknowledged that he did not report to the probation office in Kentucky, he also claimed that he was never given any paperwork detailing his conditions of probation and had never seen the court's shock probation order. He claimed that after he finished his parole, he was not aware that there were any additional restrictions on him.

The trial court revoked Flaugher's probation and imposed the five-year sentence. The trial court's order stated that Flaugher had absconded from probation supervision. Flaugher now appeals, contending that: (a) the trial court erred because it revoked his probation even though he was not notified of his conditions of probation; and (b) the trial court abused its discretion under KRS 439.3106 when it revoked his probation after he absconded from supervision.

### Analysis

We review a circuit court's decision to revoke probation for an abuse of discretion. *See Commonwealth v. Andrews*, 448 S.W.3d 773, 780 (Ky. 2014). "Under our abuse of discretion standard of review, we will disturb a ruling only upon finding that the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Id.* (internal quotation marks and citation omitted).

On appeal, Flaugher first argues that the trial court erred under KRS 533.030(5) because he was not provided

with notice of the conditions of his probation. Flaugher asserts that he was not in court on the day in question and the court's order does not reflect personal service upon him. The Commonwealth argues that Flaugher's attorney stated during the shock probation hearing that she would inform Flaugher he needed to visit his probation officer in Kentucky after his release from Ohio. The Commonwealth acknowledges that the court did not mail the order granting shock probation directly to Flaugher, but the Commonwealth contends that the order was mailed to Flaugher's attorney.

KRS 533.030(5) provides that "[w]hen a defendant is sentenced to probation or conditional discharge, he shall be given a written statement explicitly setting forth the conditions under which he is being released." In *Wyatt v. Commonwealth*, 387 S.W.3d 350 (Ky. App. 2012), this Court reversed an order revoking Wyatt's conditional discharge because he never received oral or written notice of the conditions of his discharge. *Id.* at 351–352. The Commonwealth argues that *Wyatt* is distinguishable because in *Wyatt* neither the appellant nor his attorney received notice of the conditions of his discharge. *See id.* at 351. However, the Court's holding in *Wyatt* states as follows: "Because there is simply no evidence that actual notice of the conditions, written or oral, was given to Wyatt," the circuit court's order revoking his conditional discharge is reversed. *Wyatt*, 387 S.W.3d at 352. Thus, the Court based its decision on the fact that the defendant himself was not notified, not on whether his attorney was or was not notified.

Additionally, this Court has previously recognized that service upon a defendant's attorney, without corresponding personal service upon the defendant, is insufficient

in some instances. In *Keith v. Commonwealth*, 689 S.W.2d 613 (Ky. App. 1985), for example, we noted "that it is not sufficient to serve notice of a hearing to terminate a sentence of probation upon a probationer's attorney." *Id.* at 616. In doing so, we noted that personal service upon a defendant was statutorily required. *Id.; see also* KRS 533.050(2) ("the court may not revoke or modify the conditions of a sentence of probation or conditional discharge except after a hearing with defendant represented by counsel and following a written notice of the grounds for revocation or modification."). There are parallels between KRS 533.050(2) and KRS 533.030(5), because KRS 533.030(5), which is at issue in the present case, also requires personal service on the defendant. As we mentioned previously, KRS 533.030(5) provides that "[w]hen a defendant is sentenced to probation or conditional discharge, he shall be given a written statement explicitly setting forth the conditions under which he is being released." Consequently, because personal service upon the defendant of the conditions of his release is statutorily required, the service of the conditions upon Flaugher's defense counsel and not upon Flaugher himself was insufficient in this case. Therefore, the circuit court abused its discretion in revoking Flaugher's shock probation in this case because its decision to do so was unsupported by sound legal principles.[1]

Accordingly, the order of the Mason Circuit Court is vacated.

ALL CONCUR.

---

1. Because we are vacating the circuit court's decision based upon Flaugher's first claim, his second claim on appeal concerning KRS 439.3106 is rendered moot.