RENDERED:  OCTOBER 27, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-1441-MR

JEFFERY DUTTON                                                       APPELLANT


APPEAL FROM POWELL CIRCUIT COURT
v.       HONORABLE LISA HAYDEN WHISMAN, JUDGE
ACTION NO. 20-CR-00035


COMMONWEALTH OF KENTUCKY                              APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  ACREE, DIXON, AND McNEILL, JUDGES.

DIXON, JUDGE:  Jeffery Dutton appeals the order of the Powell Circuit Court

revoking his probation, entered November 2, 2022.  Following a careful review of

the briefs, record, and applicable law, we affirm.

## BACKGROUND FACTS AND PROCEDURAL HISTORY

On June 9, 2021, Dutton pled guilty to being a convicted felon in possession of a handgun[1] and was sentenced to five years of imprisonment probated for five years. Fifteen days later, on June 24, 2021, his probation officer filed a violation of supervision report alleging that Dutton had been arrested for misdemeanor possession of a controlled substance and had not complied with his obligation to report his arrest. Dutton subsequently tested positive for methamphetamine. At the ensuing hearing, Dutton stipulated to the positive test, and the court found him to be in violation of his supervision consistent with the report. Dutton's probation was partially revoked, and he was ordered to "enroll in Comp Care IOP [intensive out-patient] and complete recommendations."

A second violation of supervision report was filed on September 15, 2021, stating that Dutton had been discharged from IOP on medical leave due to his ongoing opioid pain treatment and concerns that intermittent delusional thinking would preclude him from completing the program. Dutton stipulated he had failed to complete IOP, and by agreement of the parties, his probation was partially revoked and the IOP requirement removed.

A third violation of supervision report was filed on February 9, 2022, asserting that Dutton had tested positive for several controlled and illegal

---

[1] Kentucky Revised Statutes (KRS) 527.040.

substances. Dutton did not dispute the positive drug screens at his hearing but requested that he be permitted to attend treatment in lieu of revocation. Partially revoking his probation, the court ordered that he be remanded to custody until he could be transferred to a long-term treatment program for a minimum of six months.

Dutton entered residential treatment on April 7, 2022; however, he was discharged one day later and, as a result, a fourth violation of supervision report was filed on April 21, 2022. Per the discharge summary, which was quoted by the probation officer in his report, due to his "inability/unwillingness to participate in the program[,]" Dutton was being medically discharged "until he can get his medical concerns verified and get cleared by his physician to participate" in long-term recovery. The provider explained that though Dutton complained that pain in his legs prohibited him from fully participating in the program, staff had observed a marked improvement in movement after he was informed of the discharge. At the revocation hearing, citing his inability to walk, Dutton admitted that he had not completed treatment. The parties agreed his probation would be partially revoked until he could enter a facility equipped to meet his medical needs. On June 23, 2022, Dutton was transferred to Mountain Recovery to begin treatment.

On August 4, 2022, the violation of supervision report at issue herein was filed alleging that Dutton had failed to complete treatment. The probation officer stated that Dutton had been discharged from Mountain Recovery on July 22, 2022, purportedly due to a stroke – though Dutton's medical records indicated he was hospitalized for pneumonia – and that he had subsequently transferred to Revive Recovery, a 30-day treatment facility. The probation officer further reported that a nurse with Mountain Recovery "got the idea [Dutton] was pretending to be sick" because he refused to get out of his wheelchair but was observed walking "[u]nbeknownst to him." At the revocation hearing on November 2, 2022, the probation officer – the only witness – testified in conformity with his report, adding that Dutton was observed playing cornhole without his wheelchair by the staff at Mountain Recovery.

Dutton argued that he was not in violation of his probation since his discharge from Mountain Recovery was beyond his control and he was in treatment at Revive. In support, he submitted records showing that he was seen by the local hospital emergency department on July 19, 2022, for stroke-like symptoms, including a facial droop, and that he was diagnosed and treated for pneumonia over the ensuing week. He also introduced case notes and a discharge summary from Mountain Recovery. The case notes indicate that while Mountain Recovery initially discharged him only temporarily due to his hospitalization, it

was later decided that "his medical needs outweigh[ed] his [substance use disorder]" and that he would not be readmitted until he obtained further medical treatment. The discharge summary explained that:

> Mr. Dutton seems to be having serious medical issues. At this moment he is admitted to [the hospital]. In our most recent treatment team meeting[, it] was decided that Mr. Dutton's medical issues are hindering any attempts we have made to treat his [substance use disorder]. At this time the decision has been made to medically discharge Mr. Dutton.

After arguments, the court expressed concerns that Dutton was attending only a 30-day program and that, by his own admission, he had failed to report his new address to his probation officer, noting that Dutton cannot be supervised when his location is unknown. The court found the testimony compelling that Dutton resisted physical accommodations but was conversely able to engage in recreational activities, given his history and the assurance that Mountain Recovery would be able to meet his medical needs. Additionally, though acknowledging that Dutton was not at fault for becoming ill or being hospitalized, the court concluded that since treatment ordinarily resumes after the resolution of an ailment, his conduct prior thereto was the impetus to his discharge from Mountain Recovery. Ultimately, the court entered an order finding that: Dutton had violated the terms of his release by absconding from supervision and failing to complete treatment; his failure to comply posed a significant risk to the

community; and he could not be managed in the community. His probation was revoked, and this appeal followed. Additional facts will be introduced as they become relevant.

## STANDARD OF REVIEW

To revoke probation, a court must determine by a preponderance of the evidence that the probationer failed to comply with the conditions of supervision, that said failure constitutes a significant risk to prior victims or the community, and that the probationer cannot be appropriately managed in the community. KRS 439.3106(1). We review a court's decision for an abuse of discretion. *Commonwealth v. Andrews*, 448 S.W.3d 773, 780 (Ky. 2014) (citing *Commonwealth v. Lopez*, 292 S.W.3d 878 (Ky. 2009)). An abuse of discretion occurs if the court's decision was "arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Id.* (quoting *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999)).

## LEGAL ANALYSIS

First, citing *Keith v. Commonwealth*, 689 S.W.2d 613 (Ky. App. 1985), Dutton argues that his probation could only be revoked if he willfully violated its terms and, since he complied to the extent possible, the court abused its discretion. In furtherance of this claim, Dutton contends that the court's finding that he was discharged due to his conduct was unfounded and that there was no

evidence that Revive, which he entered on advice of counsel, could not accommodate a six-month program. Likewise, Dutton asserts that there were no facts or testimony to support that he absconded supervision when he believed his probation officer was notified of his transfer by treatment center staff. Given the totality of the circumstances, we cannot say the court abused its discretion.

Regardless of why Dutton left Mountain Recovery, Dutton admitted that Revive was only a 30-day program and offered no evidence that it would, in fact, accommodate the ordered six-month treatment. Though Dutton argues he cannot be in violation because he, like the probationer in *Keith*, relied in good faith on counsel's advice, we are not persuaded. Keith's terms of release required that he voluntarily commit himself for psychiatric treatment and then report to probation upon his release; however, unexpectedly, the hospital staff determined commitment was not appropriate. *Id.* at 614. When Keith informed his counsel of this development, he was advised to wait to report until everything was "straightened out[.]" *Id.* Reversing the order revoking, a panel of this court noted that Keith had in good faith relied on counsel's advice that he was not required to report. *Id.* at 615.

Here, unlike *Keith*, there was no ambiguity in what was required of Dutton when he was specifically ordered to complete a six-month program and, therefore, it was not reasonable for him to rely on advice to enter only a 30-day

program.  Similarly, we reject the contention that Dutton's reliance on the treatment center to notify his probation officer of his transfer constitutes a defense when he was the obligated party and the evidence demonstrates that his probation officer was unaware of his location.

Next, citing *Helms v. Commonwealth*, 475 S.W.3d 637, 645 (Ky. App. 2015), Dutton argues that the barebones findings of the court that he posed a significant risk to the community and could not be managed therein are insufficient.  Though in *Helms* we stated that a court "perfunctorily reciting the statutory language in KRS 439.3106 is not enough[,]" we have repeatedly clarified that all that is necessary is that the findings be supported by the record.  *Id.*; *Kendrick v. Commonwealth*, 664 S.W.3d 731, 734-35 (Ky. App. 2023); *New v. Commonwealth*, 598 S.W.3d 88, 90-91 (Ky. App. 2019).  Here, ample support exists in that Dutton repeatedly violated the terms of his supervision by testing positive for drugs on two occasions, being arrested on two occasions, failing to complete treatment that he had agreed to attend, being discharged by three treatment providers, failing to report pertinent information to his probation officer on three separate occasions, and failing to engage in a compliant treatment program.  Consequently, we find no error.

Finally, Dutton contends that the court erred by not considering graduated sanctions since he was not at fault for being discharged from Mountain

-8-

Recovery, and failing to contact a probation officer is only a minor violation. We do not agree. The court's oral and written findings reflect its conclusion that continued efforts to provide Dutton needed substance use treatment in the community would be fruitless given his history of non-compliance. Furthermore, "[n]othing in [KRS 439.3106] or in the Supreme Court's interpretation of it *requires* the trial court to impose lesser sanctions prior to revoking probation." *McClure v. Commonwealth*, 457 S.W.3d 728, 732 (Ky. App. 2015). Rather, the Supreme Court has expressly held that revocation is within the discretion of the court "provided that discretion is exercised consistent with statutory criteria." *Andrews*, 448 S.W.3d at 780. Because the court found that Dutton posed a significant risk to the community and could not be managed therein, as required by KRS 439.3106(1), and even assuming it did not consider graduated sanctions, the court acted within its discretion in revoking probation.

## CONCLUSION

Therefore, and for the foregoing reasons, the order of the Powell Circuit Court is AFFIRMED.


ALL CONCUR.

BRIEFS FOR APPELLANT:          BRIEF FOR APPELLEE:

Kayley V. Barnes              Daniel Cameron
Frankfort, Kentucky          Attorney General of Kentucky

                             Todd D. Ferguson
                             Assistant Attorney General
                             Frankfort, Kentucky